WELLS ANDREWS

*v.*

CARL BERNHARDI.

87   365
44a  175

1. JURISDICTION *of the person — recital in decree.* Where a decree for the sale of land of a deceased person to pay his debts recites that due notice was given, the finding as to jurisdiction will, in a collateral proceeding, be conclusive, and can only be rebutted by evidence in the record—not by extraneous proof.

2. Upon petition by an administrator for leave to sell land of his intestate to pay debts, and the proceedings do not show the minor heir to be a non-resident of the county, it can not be urged, in a collateral proceeding, that the court acquired no jurisdiction of his person because process was not sent to a different county for service; and although the sheriff's return on the summons shows the heir was not found, yet, if the decree of sale finds that due notice had been given by publication, under the law of 1857 this will be sufficient to show jurisdiction.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

This was an action of ejectment, wherein a sale of real estate under a decree of the county court was sought to be declared void for want of jurisdiction.

The application by the administrator for leave to sell was made under the act of 1857, which provides for notice to heirs by publication, but which also provided, this "should not dispense with the issue of the summons, and the usual exertion on the part of the sheriff to serve the summons."

The summons in the case was issued July 12, 1859, returnable to the September term of the county court, and showed the following return: "I can not, within my county, find the within named defendants, this 13th day of July, 1859. W. D. Merrill, sheriff, by C. A. McLaughlin, deputy," etc.

The decree for the sale of the land was entered on Friday, December 23, 1859, and recited: "and it appearing to the court that due notice had been given to the defendants herein, to-wit: Maria Andrews (now Avery), widow of said deceased,

and Wells Andrews, a minor heir, of this proceeding, by publishing the same in the 'Rock Island Register,' a newspaper published in the city and county of Rock Island, and State of Illinois, for three successive weeks, before the presenting of said petition, as required by law."

Testimony was given on the trial to show that the minor heir resided in a different county at the time. The other material facts appear in the opinion.

Mr. HENRY CURTIS, and Mr. GEO. W. SHAW, for the appellant.

Mr. JOHN B. HAWLEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was ejectment, in the Rock Island circuit court, by Wells Andrews, plaintiff, and against Carl Bernhardi, defendant, to recover the possession of the west thirty feet of lot 8, in block 14, of the old town, now city, of Rock Island, which plaintiff claimed to own in fee. The general issue was pleaded, and the same tried by the court, by consent, without a jury. The court found for the defendant, and rendered a judgment against the plaintiff for the costs, to reverse which he appeals.

Appellant claimed the premises as sole heir at law of his father, Robert H. Andrews, deceased, and the defendant claimed by *mesne* conveyances from the purchaser at the sale of the real estate of the deceased, sold by order of court to pay the debts of the deceased.

These proceedings are attacked by appellant, and it is insisted they do not show jurisdiction in the county court over the person of appellant to make the order of sale.

It appears, appellant was an infant when his father died, and he was put in charge of his grandfather, in Tazewell county. His mother, soon after the death of Andrews, married a Mr. Amos Avery, and left Rock Island county.

A point is made by appellant, that no process was sent to

the county of the residence of the heir at law, and by so doing to obtain jurisdiction of his person. A satisfactory answer to this is, that the record of the proceedings in the county court does not show that the minor heir at law, the defendant in the petition, was a non-resident of Rock Island county, and he was not proceeded against as a non-resident, hence there was no necessity of sending process to another county. There was no fact stated in the petition to prompt this course.

In a collateral proceeding, such as this, it is sufficient that the decree recites that due notice was given. In such proceeding this finding is conclusive, and can only be rebutted by evidence in the record, not by extraneous proof.

The cases in this court are numerous on this point. *Donlin* v. *Hettinger*, 57 Ill. 348; *Osgood* v. *Blackmore*, 59 ib. 261; *Barnett* v. *Wolf*, 70 ib. 76; *Logan* v. *Williams*, 76 ib. 175, and many others.

The notice was sufficient, as found by the decree of the court ordering the sale of this lot to pay debts. The fairness of the sale is not impeached, nor any subsequent proceedings under it. The purchase by the defendant was for a full consideration, and his title so obtained must be recognized as paramount.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*