**Lorene Childress, Administratrix of the Estate of Gerald Childress, Deceased, Marilyn Heien and Robert Heien, Plaintiffs-Appellants, v. State Farm Mutual Automobile Insurance Company, an Insurance Corporation, and Joseph R. Carson, Defendants-Appellees.**

**Gen. No. 10,949.**

Fourth District.

July 29, 1968.

Paul E. Karlstrom, and Hayes & Moore, of Champaign, Stanford S. Meyer, of Belleville, and Albert E. Jenner, Jr., of Chicago, for appellants.

Stifler & Snyder, of Danville (Thomas C. Stifler, of counsel), and Webber, Balbach, Thies & Follmer, of Urbana (Charles M. Webber, of counsel), for appellees.

CRAVEN, J., delivered the opinion of the court.

This appeal is to review orders entered in the circuit court of Champaign County granting the motion for summary judgment of defendant State Farm Mutual Automobile Insurance Company, denying plaintiff's motion to reconsider, and denying the petition of Robert and Marilyn Heien to intervene. The suit was by the estate of a decedent to recover for the amount of a judgment entered against decedent in a proceeding arising out of an injury sustained by a third party, which judgment was allegedly recovered due to negligence and bad faith of the insurance company in defending or failing to defend the original suit.

While the facts are long and detailed, a chronological recital of them is necessary to a full determination of this appeal.

Jack Childress, son of Gerald Childress, on December 16, 1956, had an automobile accident with a car in which Marilyn Heien, a passenger, was injured. Jack Childress filed suit against the driver of the second car, which was settled by the insurance carrier of that car paying $4,000 to Jack Childress and the balance of its policy limit of $10,000 to the other passengers in the second car. Thereafter Marilyn Heien and Robert Heien, her father, filed suit for her injuries and expenses against Jack Childress, alleging his negligent operation of his car, and against his father, Gerald Childress, alleging that the father was negligent in allowing his son Jack, who was then a minor, to drive an automobile.

The car driven by Jack Childress was insured by Country Mutual Insurance Company. He had no insurance coverage with State Farm Mutual Automobile Insurance Company but his father, Gerald, as owner of another car not involved in the accident, was insured by State Farm. Joseph R. Carson, attorney for the Childresses, served notice on Country Mutual that they could settle the Heien suit within the policy limits.

114

Some four years after the accident, the Heiens' attorney notified State Farm that it might have liability in the case as the carrier of insurance on the car of Gerald Childress. State Farm requested nonwaivers from the Childresses, reserving the right to deny coverage. Some months later, Carson, as attorney for the Childresses, mailed the executed nonwaivers to State Farm.

Thereafter, on May 31, 1961, Country Mutual paid their policy limits to the Heiens, at which time a "covenant" prepared by the Heiens' attorney was entered into between the Heiens, the Childresses and Country Mutual. This instrument provided that Marilyn Heien and Robert Heien agree:

> ". . . to limit their collection of any judgment resulting from the pending litigation to funds other than the said insurance policy of Country Mutual Insurance Company and to funds other than the personal assets of Gerald Childress and Jack Childress, expressly reserving, however, the right to pursue any pending litigation against the said individuals and to collect any judgments received therein from any insurer other than Country Mutual Insurance Company and the right to collect from Jack Childress or Gerald Childress any funds in excess of the policy limits of such other insurer or insurers which the said persons may recover for failure of the said company or companies to settle the said causes of action within the policy limits."

Such instrument further obligated the Childresses, if judgments were returned against them, to actively pursue any remedies existing against any insurance company other than Country Mutual to discharge such judgments, including any excess liability for failure to settle within the policy limits.

On December 14, 1961, State Farm sent a notice to the Childresses and Carson, their attorney, denying liability in the case and notifying that it would not defend

115

the suit by the Heiens. The notice, sent by certified mail—return receipt requested to Gerald Childress, was not actually received by him but was returned to State Farm since the mail carrier delivering the letter found that no one answered the door when he attempted to deliver it. Although a note was left by the carrier for Gerald Childress to call at the post office for the letter, Gerald did not do so. However, the Childresses' attorney, Carson, told Gerald of the notice and that State Farm would not defend. Carson asked Gerald Chidress if he wished Carson to continue to represent him on trial of the case and advised Gerald Childress that he did not need a lawyer as the "covenant" fully protected him. Upon reply that Childress did not want him to continue, Carson, after notice, withdrew as attorney for the Childresses. On January 29, 1962, a default was entered, the case tried before a jury, and a verdict and judgment rendered for Marilyn Heien for $500,000 and for Robert Heien for $250,000.

Thereafter, on March 16, 1962, the present suit was filed by Gerald Childress and Jack Childress against State Farm, seeking recovery of the damages of $750,000 for claimed negligence and claimed contractual breaches of duty and bad faith. The complaint consisted of a separate count for each plaintiff and alternately alleged that the State Farm policy provided protection to Gerald Childress or was ambiguous and capable of construction to extend coverage to the Childresses. It further alleged that State Farm accepted the offers of the Childresses to investigate, negotiate, settle, deny or defend the claims by accepting the nonwaiver agreements it provided to the Childresses and that it undertook the investigation and defense, and had the entire investigation and trial file of Country Mutual. The complaint further alleged that by accepting the offers in the nonwaiver agreement, State Farm assumed defense and was obligated to defend and use care, skill and good faith in the defense, whether

116

or not coverage was afforded by its policy. It then alleged that State Farm was negligent by acts of commission or omission; acted in bad faith or breached an express contractual duty in failing to settle within the policy limits, failing to appear at evidence depositions, failing to use diligence in the court proceeding, and failing to appear and defend at the trial.

Upon motion to dismiss the complaint, the trial court dismissed the complaint and entered judgment. Upon appeal to this court, the judgment was reversed and remanded (Childress v. State Farm Mut. Automobile Ins. Co., 50 Ill App2d 461, 200 NE2d 537 (4th Dist 1964)), holding that plaintiffs' complaint was sufficient to charge negligence, the plaintiffs in this court then having abandoned reliance upon policy coverage and having relied upon negligent performance or nonperformance of a duty gratuitously assumed, no consideration having been given for defendant's alleged assumption of defense, nor any allegation that defendant agreed to make any payment or had any duty to make any payment.

Thereafter, the action was dismissed as to plaintiff Jack Childress on his own motion. Gerald Childress subsequently died and his wife, Lorene Childress, was appointed administratrix and substituted as party-plaintiff for the decedent. A count was added in the complaint against Joseph R. Carson, which still is pending on motion. The claim against Carson is not before this court, as the trial court certified there was no just cause to delay appeal on the orders here appealed.

A third amended complaint was filed, alleging substantially the same facts and charges as in the prior pleadings, and reasserting the prior alternatively pleaded charges of negligence and breaches of contractual duty. By this third amended complaint, plaintiff seeks recovery of the amount of the judgments and interest as the proximate result of one or more of the alleged negligent acts or omissions, or contractual breaches of duty by defendant.

117

Plaintiff filed motion for summary judgment which the trial court denied, finding that the pleadings contained triable issues of fact.

Defendant filed motion for summary judgment which the trial court granted, holding that there was a triable issue of fact as to whether defendant ever assumed the defense of the Heien suit, but that the motion was granted solely because a necessary element of the cause of action, i. e., damages, was missing.

Plaintiff's motion to reconsider was overruled. At the time of hearing this motion, Marilyn Heien and Robert Heien, as judgment creditors of the Childresses and real parties-in-interest, filed a petition to intervene as parties-plaintiff. The court denied the petition for intervention as being untimely.

Thus, plaintiff now seeks review of the order granting defendant's motion for summary judgment and denying plaintiff's motion to reconsider, and the order denying the petition of intervention by Marilyn and Robert Heien.

Plaintiff-appellant contends that an insurance company which tortiously breaches an obligation to defend the insured, whether by virtue of an obligation arising under its policy contract of insurance or by virtue of an ancillary agreement (here contended to arise out of acceptance of a nonwaiver agreement), is liable for the damages sustained as a result of such breach; that such damages are measured by any judgments entered against the insured; and that payment by the insured or his ability to pay the judgment is immaterial.

The cases cited by appellant laying down the rules of law for which she contends, are both numerous and in sharp disagreement with other cases decided involving the same subject-matter. The judges of this appellate district, sitting as judges of the Appellate Court, First District, only recently have passed upon these principles in Wolfberg v. Prudence Mut. Cas. Co. (Ill App2d) (1968).

118

■ There, in an appeal arising in a suit by the administrator of a deceased insured against the insurer to recover the excess of a judgment over policy limits entered in a separate suit against the administrator on the basis of negligence or bad faith of the insurer in defending and negotiating settlement, we recognized the doctrine of liability of an insurer to its insured in such a factual situation. We held that under Olympia Fields Country Club v. Bankers Indemnity Ins. Co., 325 Ill App 649, 60 NE2d 896 (1st Dist 1945) and Cernocky v. Indemnity Ins. Co. of North America, 69 Ill App2d 196, 216 NE2d 198 (2d Dist 1966), an insurance company may so conduct itself as to be liable for an entire judgment recovered against its insured, irrespective of its policy limits, where it acts with fraud or with bad faith in conducting or failing to conduct the defense, investigation, trial or settlement negotiations, or where it is negligent in these respects.

In the Wolfberg case, we reviewed the conflicting cases in different jurisdictions of this country on the question of whether recovery by an insured in such cases is conditioned on payment by the insured or his estate of the judgment recovered against him or it, and whether ability or inability to pay is a condition to recovery. There, we considered the cases cited here both by appellant and appellee. We there determined that the majority view in this country and the sounder rule in justice and logic was that payment or nonpayment of the judgment by the insured and his ability or inability to pay it, whether the insured was living or deceased, was not a condition precedent to recovery or a defense, and need neither be alleged nor proved.

■ Nevertheless, the cases on the issue of payment or nonpayment, ability or inability to pay, we deem not decisive of the present case. Here, obviously, the Childresses, both son Jack who was dismissed and the estate of the father, Gerald, were fully and effectively insulated and protected from any liability to the judgment

119

creditors, Marilyn and Robert Heien, by reason of the covenant entered into between the Childresses, the Heiens and Country Mutual Insurance Company. In no respect could the Heien judgments ever constitute any harm or damage to the Childresses, be it theoretical, factual or otherwise. By the language of this covenant, any judgments recovered by the Heiens could not be collected from the Childresses. No injury, harm or damages could result to the Childresses. No issue has been raised as to whether the covenant in the form here taken violates public policy, so that we must regard the covenant as binding in all of its terms and give it effect as between the parties.

The cases cited by appellant of Krutsinger v. Illinois Cas. Co., 10 Ill App2d 344, 135 NE2d 180 (3rd Dist 1956), affd, 10 Ill2d 518, 141 NE2d 16 (1957), and Interstate Cas. Co. v. Wallins Creek Coal Co., 164 Ky 778, 176 SW 217, and the language of 7A Appleman, Insurance Law and Practice, §§ 4693 and 4694 (perm ed 1962), for the proposition that the covenant protecting the personal assets of the Childresses did not remove the element of damages, do not support this contention. Those cases were suits on risks covered by the issued policy where the duty of the insurer arose out of its contractual relation with the insured. The questions passed upon by these two cases and the material treated in the cited text arise because of such contractual relations and deal with the actions of the insurer as raising an estoppel on it to assert other provisions of its policy.

The Krutsinger case was a suit brought by the judgment creditors of the insured against one of several insurers after such plaintiffs had recovered judgments against the insured. In a separate proceeding in probate guardianship, the county court in probate had approved a settlement by the guardian as to certain other insurers of the insured, with a covenant that in case judgment was obtained in the original suit the other insurers would pay only a limited part of the judgments, leaving recovery of any balance to be obtained solely from the

defendant company. We do not deem that case as analogous or controlling here, as the question of absence of damages to the insured was not involved and the plaintiffs were judgment creditors of the insured under an existing insurance policy.

A more decisive factor lies at the basis of the instant case. This is the question of relationship between plaintiff and defendant, and the duty or lack of duty existing. No contractual relation existed in the instant case, and in that further important fact this case differs entirely from the Wolfberg case. Thus, the lack of any contractual duty from defendant to plaintiff and the covenant insulating the plaintiff from all damages by the judgment persuade us that the trial court correctly entered summary judgment for defendant in the instant case, as the necessary element of damages to the plaintiff is wholly missing here.

██ Some contention has been made that a motion to reconsider, such as was here filed, was not a proper motion. In our view of the case, that question would not be decisive of the issues. Nevertheless, we are of the opinion that in a case where a motion for summary judgment has been allowed, since the case has not been tried by a jury, a motion for rehearing or to reconsider is appropriate under section 68.3 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 68.3), although not required. When such a motion is filed, the time for appeal does not begin to run until the court rules on the motion. Therefore, the appeal in this case was timely filed.

██ A further contention is made that the trial court erred in denying the petition of Marilyn and Robert Heien to intervene filed on the same day that the motion to reconsider was heard. No showing was made that the factual situation gave petitioners intervention as a matter of right or that the trial court failed to exercise proper discretion in denial of intervention under the permissive-intervention procedure of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 26.1). An application to intervene must be timely, whether the peti-

tioner seeks to intervene as of right or under the discretionary provisions of the intervention statute. Further, the question of timeliness is a matter for the discretion of the court. County of Cook v. Triangle Sign Co., Inc., 40 Ill App2d 202, 189 NE2d 25 (1st Dist 1963). In Feiertag v. Reichmann, 21 Ill App2d 215, 157 NE2d 818 (1st Dist 1959), where a complaint had been filed on April 12 to set aside deeds as clouds on the title of real estate of the plaintiff and the plaintiff had voluntarily conveyed a one-half interest in the property on the day following (April 13), the grantee sought to intervene some six months later when the plaintiff moved to dismiss the action. The trial court denied intervention as untimely, and upon appeal the Appellate Court held the matter of intervention was within the discretionary powers of the trial court and that the trial court properly exercised its discretion. In the instant case suit was filed March 16, 1962. The case proceeded through motions and arguments and dismissal of the complaint in the trial court and an appeal resulted in a reversal and remandment by this court. Thereafter there were further pleadings, motions and ultimately a judgment entered on motion for summary judgment in the trial court. Intervention was sought for the first time on July 14, 1967, the day of the hearing on plaintiff's motion to reconsider the granting of summary judgment for the defendant. It is evident that the intervening petitioners were aware of this litigation from its inception. Certainly, the trial court did not abuse its discretion in denying the intervention as being untimely.

Other contentions raised in the case need not be considered in our view of disposition of the issues.

Finding no error in the trial court's determinations, the judgment and orders below should be affirmed.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.