*In re* ESTATE OF WILLIAM R. WALKER, Deceased.—(ROBERT WALKER, Petitioner, *v.* RUSSELL M. BOLLINGER, Ex'r of the Estate of William R. Walker, *et al.*, Respondents-Appellees—(JACQUELINE C. WALKER, Applicant for Intervention, Appellant).)

First District (1st Division) No. 62013

Opinion filed January 19, 1976.

Moses, Gibbons, Abramson & Fox, of Chicago (George H. Masek, of counsel), for appellant.

Dennis J. Eslick, of Palatine, for appellee Russell M. Bollinger.

Edward L. S. Arkeme, of Chicago, for appellees James Walker and Patricia Walker.

Mr. JUSTICE SIMON delivered the opinion of the court:

Jacqueline Walker (referred to in this opinion as "the applicant") appeals from an order denying her petition to intervene in a dismissed will contest filed by her husband Robert. The will contest sought to invalidate the 1973 will of Robert's father which had been admitted to probate and which bequeathed one-third of the estate to Robert, his father's sole heir, and one-third each to Robert's two children. A will executed by the father in 1970 and leaving his entire estate to the applicant was filed with the clerk of the court. The applicant was Robert's wife when the 1970 will was executed and they have remained married and living together.

The circuit court granted motions of the executor and Robert's children for summary judgment holding Robert's complaint against the 1973 will defective on the ground that Robert was not an "interested person" within the meaning of section 90 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 90). The circuit court reasoned that if Robert were successful in setting aside the 1973 will, his pecuniary interest would be reduced because the 1970 will left nothing to him, and, therefore, Robert was not an "interested person" within the meaning of the statute referred to above which outlines the procedure for and eligibility of persons to institute will contests.

Within 30 days of the entry of the order dismissing Robert's will contest petition, the applicant presented her motion to vacate the order dismissing her husband's petition and for leave to intervene in the proceeding instituted by her husband. Her motion set forth her interest under the 1970 will and adopted the allegations of her husband's petition relating to the grounds on which the 1973 will was claimed to be in-

valid. The motion set forth no grounds on which the applicant claimed the court had erred in granting the summary judgment motions dismissing her husband's petition, and it did not allege that her husband was an "interested person" within the meaning of the statute. The applicant's motion was denied and this appeal is from that order.

Several issues relating to provisions of the Civil Practice Act as well as the Probate Act of Illinois are raised by the parties. Our decision is based on the ground that the applicant under the facts in this case failed to make a timely application to intervene. The judgment denying the applicant's petition for leave to intervene and her motion to vacate must, therefore, be affirmed.

Section 26.1 of the Civil Practice Act provides that permission to intervene be "upon timely application." The evidence shows that the applicant had knowledge at all times of the will contest proceeding instituted by her husband and approved of it. Her affidavit stated that an attorney she and her husband consulted advised her that the will contest should be instituted by her husband and that she should not be named as a plaintiff in the proceedings attacking the will. She also asserted under oath that she paid the attorney from whom she and her husband received this advice substantial fees by her personal check.

■■ It is obvious, as the trial judge concluded, that the attack on the will admitted to probate was presented in a more favorable light when brought by Robert as the testator's only child and heir against himself and his own children than if brought by a daughter-in-law against her own husband and his children by a former marriage. If the applicant instituted the will contest, she would be in a position of being a stranger to the testator's blood while the respondents would be blood relatives and descendants. Having consciously acquiesced in casting her husband in the role of the contestant, the applicant has failed to present a timely application to intervene after her husband has already been held to have no standing. It was not "timely" for the applicant to delay joining the contest until she determined whether her husband would prevail, and then attempt to intervene when her husband was unsuccessful. The true, but concealed, situation was brought to light when the circuit court afforded Robert the opportunity to amend his complaint by attacking the 1970 will leaving everything to the applicant, but Robert declined to attack this will. We, therefore, conclude that the effort of the applicant to intervene, after the person she permitted to represent her interest failed, was not a timely application. In reaching this conclusion we do not decide whether Robert was an "interested person" within the meaning of the Probate Act because there is no appeal from the order denying him that status and dismissing his petition to contest the will.

The cases applicant requests we consider in determining whether she made timely application are not helpful to her even though they involved efforts to intervene after judgment had been entered. In *Avery v. Garbutt* (1974), 19 Ill.App.3d 1001, 313 N.E.2d 274, the intervenors had no knowledge that an order affecting their rights had been entered or that a fraternal organization of which they were members and on which they relied to advance their position had withdrawn from the action. *City of Chicago v. Zik* (1965), 63 Ill.App.2d 445, 211 N.E.2d 545, involved a situation similar to *Avery* since the intervenors had no notice or knowledge of the entry of an uncontested order to which they were objecting. The applicant here was fully informed throughout the will contest proceeding of what her husband was doing. In *City of Lockport v. County Board of School Trustees* (1971), 2 Ill.App.3d 970, 276 N.E.2d 13, those petitioning for leave to intervene reasonably believed at the time the complaint was filed that on the basis of a Supreme Court decision the only manner in which the claimed rights of the public could be safeguarded was through an action nominally brought by the City of Lockport. They attempted to intervene promptly after the Lockport city council resolved to take no further action in the case instituted in the name of the city. In this case, the applicant knew from the start that she was entitled to join the will contest proceeding, but as a matter of tactics, decided against that course of conduct. Finally, the issue in *Dowsett v. City of East Moline* (1956), 8 Ill.2d 560, 134 N.E.2d 793, was whether in granting leave to intervene the trial court properly affixed conditions giving the intervenor only the time fixed by law from the date of the order to which the intervenor objected to appeal therefrom. No issue is raised in this case with respect to whether the applicant had sufficient time to appeal from the order granting summary judgment since that order is not being appealed.

*Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill.App.2d 112, 122, 239 N.E.2d 492, is consistent with the result we reach. In that case leave to intervene was requested many years after the action had been filed and after summary judgment had been entered, but it was denied as untimely on the ground that the intervening petitioners were aware of the litigation from its inception. The same is true of the applicant.

■■ A time must come when litigation ends, and it should not be prolonged by intervention unless necessary to give a person adversely affected by disposition of property subject to control of the court his day in court. The applicant had full opportunity to have her day in court by participating in the action her husband instituted with her assistance. In fact she had her day in court because her husband acted

458

in effect as her stand-in. In any event, she chose not to participate in the will contest when it was filed, and that choice precludes her from prolonging the litigation by intervention after its disposition was not to her liking.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.