MID-TOWN PETROLEUM, INC., Plaintiff-Appellant, *v.* DENNIS G. DINE *et al.*, Defendants.—(Beverly Bank, Trustee, *et al.*, Intervening Appellees.)

First District (2nd Division)   No. 82—997

Opinion filed April 12, 1983.

Samuel E. Alexander and Glen A. Neuman, both of Chicago, for appellant.

Thomas R. Nash, of Burke and Smith Chartered, of Chicago, for appellees.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Mid-Town Petroleum, Inc., initiated a specific performance suit to enforce its rights under a real estate contract to purchase a parcel of land situated in Chicago Ridge, Illinois, from defendants, Dennis G. Dine and Beverly Bank, as trustee under Trust Agreement No. 8—3902. Intervenors, Beverly Bank, as trustee under Trust No. 8—5580, and Joy S. Richter (Richter), sole beneficiary thereof, suc-

cessfully intervened in the suit and the trial court allowed their motion to deny the specific performance relief. On appeal, plaintiff contends that the trial court erred by allowing the petition to intervene, by denying plaintiff the remedy of specific performance, and by not following the mandate of a prior appellate court decision.[1]

This specific performance suit is based upon events beginning on September 27, 1976, when plaintiff forwarded to defendant Dine a real estate contract signed by plaintiff and an earnest money check pursuant to an alleged oral agreement for the purchase of the subject property for $14,500. Dine later forwarded closing documents to plaintiff and a tentative closing date was set. On October 27, 1976, Dine returned the earnest money check and claimed that the contract was terminated. On that same day, Dine sold the property to Richter and her now deceased husband, Edwin, and delivered to them a trustee's deed in exchange for a check for the full purchase price of $14,500. The trustee's deed was not recorded, however, until November 13, 1976. On October 29, 1976, two days after the sale of the property to the Richters, plaintiff filed this suit and recorded a *lis pendens* notice with the recorder of deeds.

Plaintiff's complaint was dismissed by the trial court and, on appeal, this court reversed and remanded the case, finding that the allegations contained in the complaint, if proved, would establish that an agreement had been reached between the parties and that the action was not barred by the Statute of Frauds. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) After the conclusion of the evidence in the case on remand, the trial court instructed plaintiff to prepare an order to be entered on July 13, 1981, granting plaintiff the relief sought. On that date,[2] intervenors were granted leave to file a petition for intervention, which was allowed August 11, 1981. Richter claimed that between the date she and her husband received their deed, October 27, 1976, and December 13, 1977, the day she alleged they first learned of plaintiff's possible interest, they ex-

---

[1] We note that plaintiff listed the issue "Whether the trial court erred in dismissing the Second Amended Complaint as it pertains to Intervenors" in its "Issues Presented for Review" section, but failed to brief or argue this point. Under Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)), points not argued are waived. Therefore, we do not address this issue.

[2] The record indicates that plaintiff's place of business was only two blocks from the subject property; that visible improvements including a chain link fence first appeared on the property as early as June 1977; yet, the trial court was not advised about status of the property until July 13, 1981, with the filing of the petition to intervene.

pended $42,832.08 on the property. Included in that sum was the cost of the land, payment of back taxes, a construction loan, installation of a fence and a foundation for a 3,200-square-foot industrial building.

On February 4, 1982, the trial court, upon intervenors' motion to dismiss (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(9)), denied specific performance and plaintiff was given leave to file an amended complaint for damages. Plaintiff's second amended complaint sought money damages from defendants for breach of contract and a request that intervenors pay the expenses and costs resulting from their late entry into the suit. Intervenors filed a motion to dismiss (Ill. Rev. Stat. 1981, ch. 110, par. 2—615), which was granted and intervenors were dismissed with prejudice on April 15, 1982. Plaintiff filed a notice of appeal from the order allowing intervention, from the order denying specific performance, and from the order dismissing intervenors in regards to plaintiff's second amended complaint.

## I

Plaintiff claims that the trial court improperly allowed the petition for intervention because: (A) it was untimely, and (B) the *lis pendens* notice recorded by plaintiff cut off intervenors' rights in the property.

## A

The Illinois intervention statute allows intervention as of right "upon timely application" when "the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof." (Ill. Rev. Stat. 1981, ch. 110, par. 26.1(1)(c).) Plaintiff argues that the intervention of right in this case was not timely filed.

Richter's knowledge of the existence of this specific performance suit dates back at least until March 6, 1978, when she filed a lawsuit attempting to quiet title in the property, and even referred to the instant case. Yet, it was only after all the evidence had been heard in this case, three years later, and after the trial court indicated that it was going to grant specific performance that intervenors sought to join the suit. Richter's delay in protecting her rights could, by itself, be reason to deny her petition. See *In re Estate of Walker* (1976), 35 Ill. App. 3d 454, 342 N.E.2d 253, where the court held that intervention was not timely where the applicant delayed joining a will contest until she determined whether her husband would be successful; *Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill. App. 2d 112, 239 N.E.2d 492, *appeal denied* (1968), 39 Ill. 2d 627, where the court termed an application untimely because the appli-

cants were aware of the litigation from its inception.

The purpose of the intervention statute, which is liberally construed, is to expedite litigation by disposing of an entire controversy and to avoid multiplicity of actions. (*Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 487, 425 N.E.2d 1113.) In the instant case, when the trial court was advised by the original parties that defendant Dine had subsequently sold the property to another party, it suggested that plaintiff add that party to the suit so that all the issues and parties would be before it. Plaintiff refused and the trial continued without any reference by either party to the fact that improvements had been made to the land. It was only at the point of intervenors' motion to enter the suit that the trial court became aware that the real property was not vacant. In allowing the motion for intervention, the trial court repeatedly commented that at the time it decided to allow the remedy of specific performance, it had no knowledge of the improvements and had this been made known, it would have insisted that intervenors be joined.

■■ The question of timeliness of an application to intervene is a matter within the discretion of the court. (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 159, 362 N.E.2d 382, *appeal denied* (1977), 66 Ill. 2d 631.) A review of the facts of this case leads us to conclude that the court acted properly. The fact that all of the evidence had already been heard regarding the contest between plaintiff and defendants does not bar the intervention, since the sole reason intervenors desired to join the suit was to prevent the remedy of specific performance. We hold that the trial court did not err by allowing intervention, in light of the behavior of the parties in this case.

## B

Plaintiff claims that the *lis pendens* notice that it filed "cutoff [*sic*] all subsequent interests, including that of the subsequent purchaser-intervenor." Plaintiff argues that under the Illinois *lis pendens* statute, cited below, Richter's interest in the property is void because the deed was recorded after the filing of the *lis pendens* notice. As Richter has no survivable interest in the real estate, plaintiff contends, she had no standing to strike the remedy sought. The applicable statute provides:

"Sec. 1. Every condemnation proceeding *** or other suit seeking equitable relief, affecting or involving real property shall, from the time of the filing in the office of the recorder of deeds in the county where the real estate is located of a notice *** setting forth the title of the cause, the parties to it, the

court where it was brought and a description of the real estate, be constructive notice to every person *subsequently acquiring an interest* in or a lien on the property affected thereby, and every such person and every person acquiring an interest or lien as aforesaid, not in possession of the property and whose interest or lien is not shown of record at the time of filing such notice, shall, for the purposes of this Act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto. ***'" (Emphasis added.) Ill. Rev. Stat. 1979, ch. 110, par. 405.

■ An examination of the underscored wording indicates that the filing of the *lis pendens* notice is constructive notice to every person who, subsequent to the filing of the notice, acquires an interest in the property. In this case, Richter acquired her interest two days prior to the filing of the notice. Our statute is not worded in terms of when the subsequent purchaser's interest is put of *record*, but rather when it is "acquired." The parties have not cited any Illinois cases dealing with the situation presented here, where a purchaser received a deed prior to filing of a *lis pendens* notice, but does not record it until after the filing of the notice. Our research noted a mechanics' lien case, *Niles Construction Co. v. La Salle National Bank* (1969), 119 Ill. App. 2d 1, 254 N.E.2d 535 (abstract), where the appellate court held that a party was not a purchaser *pendente lite*, within the meaning of the *lis pendens* statute, where the interest in the property was acquired prior to but not recorded until after the filing of the *lis pendens* notice. This conclusion was reached based upon the fact that the party was in possession at the time of the filing, and because of the date that the purchaser acquired the interest in the property. Likewise, the date Richter acquired her interest is controlling here and thus she is not barred from asserting her claim upon intervention.

Plaintiff heavily relies upon a Wisconsin case, *J. & S. Corp. v. Mortgage Associates, Inc.* (1969), 41 Wis. 2d 418, 164 N.W.2d 221, for an interpretation of what plaintiff characterizes as a statute that is similar to ours. The Wisconsin statute, however, is predicated upon a priority of recordation, and provides:

"*** From the time of such filing [of the *lis pendens*] every purchaser or encumbrancer *whose conveyance or encumbrance is not recorded or filed* shall be deemed a subsequent purchaser or encumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto." (Emphasis added.) (Wis. Stat. Ann. sec.

840.10, formerly sec. 281.03 (West 1977).)

As the Wisconsin court stated, "[t]he statute makes immaterial the time when the holder of the unrecorded conveyance or encumbrance in fact received his interest." (*J. & S. Corp. v. Mortgage Associates, Inc.* (1969), 41 Wis. 2d 418, 423, 164 N.W.2d 221, 223.) See generally 51 Am. Jur. 2d *Lis Pendens* sec. 14 (1970); 54 C.J.S. *Lis Pendens* sec. 44 (1948), for a discussion of the decisions from various jurisdictions regarding the effect on conveyances received but unrecorded prior to a *lis pendens* notice.

Plaintiff claims that the Illinois conveyance statute (Ill. Rev. Stat. 1981, ch. 30, par. 39) must be read in conjunction with the *lis pendens* statute, and that taken together, the statutes evidence a legislative intent to provide that the first party to claim an interest in the property by way of recording a document should take precedent over all parties who subsequently record. However, if the intent of the legislature was to prevent all persons holding unrecorded interests in the land from asserting them after a *lis pendens* notice was filed, the statute could have specifically so provided. See *Munger v. T. J. Beard & Brothers* (1907), 79 Neb. 764, 113 N.W. 214, where the Nebraska supreme court traced the history of their *lis pendens* statute and noted that their legislature had responded by amending the statute to deal with the class of persons who acquire an interest before, but who do not record the interest until after, the filing of a notice of pending litigation.

According to our interpretation of the *lis pendens* statute, Richter, a purchaser who acquired her interest prior to the recording of the notice, is not barred from asserting her claim in this lawsuit; thus, the trial court properly allowed her petition to intervene.[3]

II

Plaintiff claims that the trial court erred in denying it the remedy of specific performance. Plaintiff cites the rule of law that "the intervenor must take the suit as he finds it, and may not change the issues between the parties or raise new issues, and may not insist upon a change in the form of procedure or delay the trial." (*Hurley v. Finley* (1955), 6 Ill. App. 2d 23, 26-27, 126 N.E.2d 513.) In the instant case, intervenors did not change the issue of the case, which was the

---

[3]Plaintiff suggests problems may result from our interpretation of the statute, such as the need for plaintiffs to constantly search the record during the pendency of their suits and the possibility of parties antedating documents to defeat the purpose of *lis pendens* notices. Such concerns are better addressed to the legislature or faced on a case-by-case basis.

breach of a real estate contract, but only argued that the relief the trial court was about to grant would be inappropriate in light of Richter's improvements.

■ The determination of whether to grant the equitable remedy of specific performance rests in the sound discretion of the court, and the surrounding facts and circumstances of each case must be examined. (*Fitzpatrick v. Allied Contracting Co.* (1962), 24 Ill. 2d 448, 455, 182 N.E.2d 183.) A court may deny specific performance "where there is some substantial element in the case which moves the conscience of the chancellor and makes it appear unjust to decree the relief sought." (*Nueberg v. Clute* (1955), 6 Ill. 2d 58, 63-64, 126 N.E.2d 633.) In the present case, the trial court stated that it did not intend to give anyone a windfall, and given the fact that the true nature of the property as improved was withheld from the court, the only just and equitable course was to deny plaintiff the relief of specific performance and to allow the complaint to be amended to request money damages. We agree with the trial court.

### III

Plaintiff alleges that the trial court erred in not following the mandate of this court in the prior case of *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428, which involved plaintiff's appeal of the dismissal of his amended complaint against defendants. Plaintiff contends that this court's ruling, which becomes the law of the case, was that if plaintiff could prove the facts as set forth in the complaint, then it would be entitled to the relief of specific performance. Plaintiff, however, misconstrues the holding of the first case which was limited only to the question of sufficiency of the complaint and whether the cause of action was barred by the Statute of Frauds. This court made no ruling on whether a grant of specific performance would be proper or not. Therefore, the trial court did not err as plaintiff contends.

For the reasons stated above, we affirm the decision of the circuit court of Cook County.

Affirmed.

STAMOS and PERLIN, JJ., concur.