AGRIBANK, F C B, Successor by Merger to Farm Credit Bank of St. Louis, Successor by Merger to the Federal Land Bank of St. Louis, Plaintiff-Appellee, v. RODEL FARMS, INC., Defendant-Appellant (Delbert Snyder *et al.*, Defendants).

Third District No. 3—93—0352

Opinion filed November 19, 1993.

Stansell, Whitman & Baber, of Monmouth (James G. Baber, of counsel), for appellant.

Mustain & Lindstrom, of Galesburg (Robert Lindstrom, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The defendant, Rodel Farms, Inc., appeals from an order in a foreclosure action granting post-judgment possession of certain farm real estate to the plaintiff, Agribank, FCB. We affirm, finding that Rodel had constructive notice of the foreclosure proceeding and that the issues raised by Rodel on appeal are now moot.

In 1981, Agribank made a loan to defendants Delbert Snyder, Deanna Snyder, and Robert Snyder (Snyders). The loan was secured by a mortgage on certain real estate in Fulton and Peoria Counties. The Snyders defaulted on the loan, and in April 1988, Agribank filed a foreclosure complaint against the Snyders in the circuit court of Fulton County. At that same time, Agribank recorded a notice of foreclosure pursuant to section 15—1503 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15—1503 (West 1992)). The complaint for foreclosure did not name Rodel as a party, even though Rodel had an interest in the property under a January 1988 lease with the Snyders. Rodel, however, did not record this lease.

In May 1988, the Snyders filed bankruptcy under chapter 11 of the United States Bankruptcy Code and were placed as debtors in possession of the property. (11 U.S.C. §101 (1988).) In January 1989, the Snyders and Rodel entered into another lease which provided that Rodel would pay increased rent and that the lease was automatically renewable from year to year, but could be terminated by either party upon six months' notice. In October 1989, the bankruptcy court dismissed the bankruptcy cases. Upon the dismissal of those cases, the

circuit court of Fulton County entered a foreclosure judgment on January 9, 1990. This judgment was subsequently stayed by the bankruptcy court pending appeal of the bankruptcy cases. On February 10, 1993, the bankruptcy court granted Agribank's motion for relief from the stay, thereby allowing Agribank to proceed with the enforcement of the previously entered judgment of foreclosure.

On February 26, 1993, Rodel recorded the January 1989 lease agreement it had with the Snyders. In April 1993, Agribank filed a motion for post-judgment possession of the real estate under section 15—1701 of the Illinois Mortgage Foreclosure Law (735 ILCS 15/15—1701 (West 1992)). Because Rodel had recorded its lease, Agribank gave Rodel notice of the hearing on the motion for post-judgment possession. Rodel filed a special and limited appearance and contested jurisdiction since it was not named as a party in the foreclosure action. The court found that it had jurisdiction over Rodel, and Rodel then argued the merits of Agribank's motion. After hearing arguments, the trial court granted Agribank's motion finding that Rodel's tenancy interest derived from the 1989 lease, and thus, Rodel's tenancy rights were subject to the trial court's rulings after the notice of foreclosure was filed in April 1988. Rodel appealed from that decision, but it did not seek a stay of the post-judgment possession order in the trial court or in this court. Further, Rodel did not seek a stay of the foreclosure sale scheduled for April 21, 1993. Thereafter, a foreclosure sale was held as scheduled and a report of sale was filed in the foreclosure action. Agribank filed a motion to confirm the sale and gave notice of the hearing on the motion to Rodel. Rodel did not appear at the hearing, and the trial court entered an order confirming the sale. Rodel did not appeal from that order or request that it be stayed pending its appeal of the court's post-judgment possession order.

On appeal, Rodel first contends that it had a valid tenancy interest pursuant to the 1988 lease entered into with the Snyders prior to the foreclosure proceeding. Rodel argues that in order to bind it to the rights adjudicated in the foreclosure proceeding, the bank had to make Rodel a party to the proceeding and that the *lis pendens* notice provision of section 2—1901 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1901 (West 1992)) was not effective to give Rodel constructive notice in this case because Rodel did not fall within the terms of that provision since it was in possession of the property at the time Agribank filed the foreclosure proceeding. Section 2—1901 of the Code provides in relevant part that a *lis pendens* notice filed in the county recorder's office is:

"constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and *** every person acquiring an interest or lien as above stated, *not in possession* of the property and whose interest or lien is not shown of record at the time of filing such notice, shall, for the purposes of this Section, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he or she were a party thereto." (Emphasis added.) 735 ILCS 5/2—1901 (West 1992).

■■ ■ In its reliance on section 2—1901, Rodel ignores the fact that that section is not the only Illinois statutory *lis pendens* provision. Section 15—1503 of the Illinois Mortgage Foreclosure Law is another *lis pendens* provision and specifically applies to foreclosure proceedings and by its own terms takes precedence over a section 2—1901 notice. (See 735 ILCS 5/15—1503 (West 1992).) Section 15—1503 of the Foreclosure Law specifically provides:

"A notice of foreclosure *** made in accordance with this Section and recorded in the county in which the mortgaged real estate is located shall be constructive notice of the pendency of the foreclosure *to every person claiming an interest* in or lien on the mortgaged real estate, *whose interest* or lien *has not been recorded* prior to the recording of such notice of foreclosure." (Emphasis added.) (735 ILCS 5/15—1503 (West 1992).)

Furthermore, that section provides:

"A notice which complies with this Section shall be deemed to comply with Section 2—1901 of the Code of Civil Procedure and shall have the same effect as a notice filed pursuant to that Section; however, a notice which complies with Section 2—1901 shall not be constructive notice unless it also complies with the requirements of this Section." (735 ILCS 5/15—1503 (West 1992).)

Here, Rodel did not record its lease interest until 1993, which was five years after the *lis pendens* notice filed by the bank. Rodel's recording of the lease was also after a judgment of foreclosure was entered in the case. Unlike section 2—1901 of the Code, section 15—1503 of the Foreclosure Law provides that the constructive notice is effective regardless of possession if the party claiming an interest fails to record that interest before the foreclosing party files its *lis pendens* notice. Thus, we find it immaterial whether Rodel relies on the 1988 lease or the 1989 lease, or both, since it did not record any lease interest until after the *lis pendens* notice, and thus, Rodel was

deemed to have constructive notice of the foreclosure action and the circuit court could adjudicate rights affecting Rodel.

Rodel cites *Mid-town Petroleum, Inc. v. Dine* (1983), 114 Ill. App. 3d 112, 448 N.E.2d 596, and *Niles Construction Co. v. La Salle National Bank* (1969), 119 Ill. App. 2d 1, 254 N.E.2d 535, for the proposition that the *lis pendens* doctrine applies only to those acquiring an interest subsequent to the notice being filed. We find, however, that Rodel's reliance on those cases is misplaced. They do not involve foreclosure proceedings or notices pursuant to section 15—1503 of the Foreclosure Law.

Next, Rodel argues that Agribank waived any right to rely on the *lis pendens* doctrine. Rodel contends that Agribank had actual knowledge of the existence of Rodel's leases because the Bank had access as early as 1988 in the bankruptcy action to Snyder's records which listed an "executory contract" with Rodel.

We find Rodel's argument unpersuasive. Rodel does not cite any authority stating that a mortgagee waives the constructive notice provision of section 15—1503 by having actual knowledge of a lease interest nor are we aware of any such authority. Under the circumstances presented here, we find that Agribank did not waive its right to rely on the *lis pendens* doctrine.

We agree with Agribank's contention that the remaining issues raised by Rodel on appeal are moot because the reviewing court cannot rule where there are no justiciable issues or where relief cannot be granted. In that regard, we note that Rodel appealed from the order granting post-judgment possession to the bank. Rodel did not request a stay of any further proceedings in the trial court nor did Rodel petition this court for a stay of further proceedings in the trial court. The cause proceeded to a foreclosure sale and an order was entered confirming the sale, which is a final order. Rodel did not appeal from that order nor did it seek a stay. The issue is now moot because the cause proceeded to sale without Rodel requesting a stay.

Rodel argues on appeal that it is entitled to damages. We disagree. Again, Rodel did not request a stay and it did not mention damages in its notice of appeal. The Bank was entitled to rely on the trial court's judgment and proceed with the sale. Moreover, this is a foreclosure proceeding and it is not the appropriate forum for Rodel to seek damages for its alleged injury. There is nothing in the Illinois Mortgage Foreclosure Law which would award damages to an aggrieved lessee.

Additionally, we find that Agribank correctly argues that Rodel's tenancy interest was terminated by the order confirming sale. Section

15—1701(d) of the Foreclosure Law provides that 30 days "after the foreclosure sale is confirmed, the holder of the certificate of sale or deed *** shall be entitled to possession of the real estate, without notice to any party, further order of the court, or resort to proceedings under any statute." (735 ILCS 15/15—1701(d) (West 1992).) Under Illinois law, title to land sold under a mortgage foreclosure remains in the mortgagor until conveyance of the deed to the purchaser of the sale and the lessee retains a leasehold interest until the purchaser is entitled to possession (which now is 30 days after the sale is confirmed). See *Scott v. O'Grady* (N.D. Ill. 1991), 760 F. Supp. 1288, 1296.

Moreover, at the time of the proceeding in question, section 15—1701(e) of the Foreclosure Law provided that "[a] lease subordinate to a mortgage shall not be terminated during the pendency of a foreclosure solely by virtue of a mortgagee's entry into possession." (Ill. Rev. Stat. 1989, ch. 110, par. 15—1701(e).) This section does not mean that the mortgagee cannot obtain post-judgment possession and proceed to a final sale. It merely provides that the mortgagee cannot terminate the lease while the foreclosure proceeding is *pending*. However, the completion of the final sale is a final order, and at that time, the lease is automatically terminated without resort to any further action by the mortgagee or the new purchaser. Section 15—1701(e) of the Foreclosure Law was recently amended to change the law on this. The newly amended section 15—1701(e) now provides that lawful occupants cannot be removed, except by forcible entry and detainer or if made a party to the foreclosure proceeding. (735 ILCS 5/15—1701(e) (West 1992).) Unfortunately for Rodel, that change does not apply retroactively. See *Clouse v. Heights Finance Corp.* (1987), 156 Ill. App. 3d 975, 510 N.E.2d 1; *Dworak v. Tempel* (1959), 17 Ill. 2d 181, 161 N.E.2d 258.

Rodel relies on language in section 15—1501(d) of the Foreclosure Law (735 ILCS 5/15—1501(d) (West 1992)) that states that an appearance by "a lessee whose interest in the real estate is subordinate to the interest being foreclosed shall not result in the termination of the lessee's lease unless specifically ordered by the court in the judgment of foreclosure." That language, however, does not support Rodel's position. The requirement of specific termination in the judgment of foreclosure only applies to a lessee who is a party to the foreclosure proceeding and who appears. (735 ILCS 5/15—1501(d) (West 1992).) Under section 15—1501(e) of the Foreclosure Law, Rodel could not become a party to the proceeding because at the time it contested Agribank's motion for post-judgment possession, the judgment of

foreclosure had already been entered. Furthermore, Rodel concedes that it was not a "party" to this action.

For the the above-mentioned reasons, we hold that Rodel had constructive notice of the foreclosure proceeding pursuant to section 15—1503 of the Illinois Mortgage Foreclosure Law. We further hold that the issues raised by Rodel are moot given that the cause proceeded to a final sale without Rodel requesting a stay in the proceedings. We also find that our resolution of the above-mentioned issues makes it unnecessary to address the remaining issues raised by Rodel on appeal.

Accordingly, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.