## JOHN DONLIN

### v.

## FRANCIS HETTINGER et al.

1. NOTICE *in statutory proceedings—must be made to appear.* Where a court is called upon to exercise a power specially bestowed upon it by statute, not within its ordinary common law or chancery powers and jurisdiction, the fact the notice prescribed in the statute was given, it being a jurisdictional fact, must appear on the face of the proceedings.

2. That fact, however, may be made to appear from a proper recital thereof in the order or decree, which will be sufficient in a collateral proceeding, if there be nothing in the case to show that the finding of the court was not correct.

3. SAME—*as to proceedings by an administrator to sell land to pay debts.* In a proceeding in the circuit court by an administrator, for an order to sell the lands of his intestate to pay debts, a decree was entered reciting service of notice, but the recital itself showed the service was defective. That decree was afterwards set aside, the petition amended by substituting other lands, and another decree rendered, without, however, any new adjudication upon the fact of notice, nor did it appear anywhere in the proceedings that any other notice had been given than that recited in the first decree: *Held,* in a collateral proceeding, the presumption was, that the second decree was made under the notice referred to in the former decree, which being defective, the court failed to acquire jurisdiction of the persons of the heirs.

4. In a proceeding of this character, unless the mode pointed out by the statute for bringing the parties before the court is pursued, there will be such a want of jurisdiction as will vitiate the order of sale.

WRIT OF ERROR to the Superior Court of Chicago.

This was a suit in chancery, instituted by Francis Hettinger and George Oertel, against John Donlin and Catharine Fitzgerald, by which it was sought to enjoin an action of ejectment brought by Donlin and others, as the heirs of John Donlin, deceased, against the complainants.

The land in controversy had been sold under an order of the Circuit Court of Cook county, upon the application of the

administrator of John Donlin, deceased, to pay the debts of the estate.

The defendants in the action of ejectment deduced title from that sale.   The question presented is, whether it appeared from the proceedings on the application of the administrator of John Donlin, deceased, for an order to sell the land, that the court had obtained jurisdiction of the persons of the heirs.

Messrs. ROSENTHAL & PENCE, for the plaintiff in error.

Mr. H. A. WHITE, for the defendants in error.

MR. JUSTICE BREESE delivered the opinion of the Court:

The only question made upon this record important to be considered is, the validity of the decree of April 23, 1849. The defendants in error, who were complainants below, claim nothing under the proceedings in 1846.   Their counsel say the bill does not base any rights upon the decree of July, 1846, but only upon that of 1849; and conceding that the court had not then acquired jurisdiction over the persons of the defendants, it had over the subject matter by filing the petition, and if the order to sell was improvidently granted for that reason, then the leave to amend the petition and setting aside the order (of sale) was proper for the court to make.   He also says that it is not filing proof of service of notice in any form that calls the power of the court into action—it is the filing the petition; and he further says, in this case it is of little consequence what the findings of the first decree were, as on amending the petition asking for the sale of other lands required new notice to be given, and then the case was continued, affording an opportunity to give the notice, and then the final order contains no recitals of proof of service of any kind.   He insists, as there are no recitals of service in this decree, parties have the right to presume that due notice was given or the court would not have acted, otherwise the court

must now announce the rule that unless the court recites it had jurisdiction of the person they will hold that it had not jurisdiction, and thus reduce the superior courts of the State to the condition of inferior courts at common law, who are always obliged to show jurisdiction of the person. He further says, that after the amendment of the petition was allowed, the record was no longer in the condition it was in when that order was made, and if the court intended to act only upon the notice that had been made prior to this amendment, an order would have been at once entered upon the amended petition; but instead of so doing, the cause was continued, and the only reason for that was, that notice might be given of the application, and as time enough elapsed within which the notice could have been given, it will be presumed it was given. Citing *Miller* v. *Handy*, 40 Ill. 448.

From this we understand the counsel to hold, that in a statutory proceeding like this, committed to a court of general jurisdiction, if the statute requires notice to be given, it is not necessary the proceedings should show it, as notice will be presumed.

We do not think the case he has cited, *Miller* v. *Handy*, *supra*, will sustain him in this proposition.

That was an action of ejectment, the defendant claiming under a judgment on *scire facias* to foreclose a mortgage. The validity of the judgment was attacked on the ground that it did not appear that two writs of *sci. fa.* had been returned *nihil*.

The court found that two writs of *sci. fa.* had been returned *nihil*. This, we said, was strong presumptive evidence of that fact, to be rebutted only by the clearest proof. The appellee insisted that the fact that the first writ, issued to the August term, being void, the return on it could not be regarded and was not to be counted as a return of one *"nihil."* To this we assented, but said the terms of court in Cook county were so arranged by statute, that there was time and opportunity to issue two writs of *sci. fa.* and have them returned, and as the court had

found there were two returns of "*nihil*," we would, in the absence of one of the writs from the files, hold the finding evidence of service, unless overcome by something appearing in the record.

We further said, the fact of service of process lay at the threshold of the case, and of which the court is to be informed and to pronounce with the same fidelity as upon any other fact in the cause, and there was nothing in the case to show that the finding of the court was not in strict accordance with the fact.

If in this case the decree of 1849, under which defendants claim, had recited the fact that due notice to the heirs had been given, it would have been like the case cited, and in this collateral action would have been sufficient.

The doctrine in 2 Howard, 319, *Grignon's lessee* v. *Astor*, is not, and has never been, the doctrine of this court, it always holding that the statute requiring notice of a particular kind, such notice must be given before jurisdiction of the person can be had. That notice is a jurisdictional fact.

This is a proceeding in a court of special jurisdiction; not by the court in the exercise of its common law or chancery powers and jurisdiction, but exercising a power specially bestowed upon it by statute, and the rule is well settled in such cases the jurisdiction must appear on the face of the proceedings. Without the statute, the circuit, or superior court, though courts of general jurisdiction, would have no jurisdiction in the case before us. This being so, the rule is too well settled to be now questioned, that the court must proceed according to the statute, omitting nothing essential, and one of the most important requirements is, that the party against whom the proceedings are had must have the notice prescribed by the statute.

But, notwithstanding the disclaimer of defendants in error, under the proceedings in 1846, a careful consideration of the whole record satisfies us, that the decree of 1849 was based on the alleged service of notice on the heirs in 1846.

352      DONLIN *v.* HETTINGER *et al.*     [Sept. T.,

Opinion of the Court.

The proceedings originated in 1846, were in court, the order dismissing them having been set aside, and leave given to amend the petition, then and all the time pending in court. The amendment consisted in substituting for the land described in the petition, being the lands in Lake county, the lots in Chicago in lieu of those lands, and which are the lots in controversy.

It is hardly possible to suppose the court was not acting under the service of notice alleged to have been made in 1846, for, as the plaintiff's counsel argues, there was in 1849 no new adjudication upon the jurisdictional facts, either as regards subject matter or persons, but the decree proceeds at once to set aside the decree theretofore entered for the sale of the Lake county lands, and substitutes in lieu thereof the lots in controversy, and orders a sale thereof.

It must, we think, be held that the first decree in 1846 professed to find the jurisdictional facts, and upon that finding the decree passed. The result is, the recital of service under the petition of 1846 shows a defective service—not a service required by sec. 103. This, therefore, repels the presumption of jurisdiction which might arise, and for which defendant contends, in the absence of recitals. When leave was given to amend the petition, no new notice was ordered, and there is nothing in the record of the subsequent proceedings from which a new notice can be inferred. The decree, therefore, of 1849, must be presumed to have been made under the notice referred to in the decree of 1846, as it omits notice.

That the notice then and there appearing was defective, there can be no doubt, as it does not appear it was in conformity with the statute. The admission of the guardian *ad litem* that notice was given, could not bind the minors; he could admit nothing to their prejudice.

This brings the case within the decision in *Clark* v. *Thompson*, 47 Ill. 25, which was also an action of ejectment, one of the parties claiming under an administrator's sale.

The court say, the statute has provided but two modes by which the court can acquire jurisdiction of the persons of heirs in this proceeding; one is by publication of notice for the prescribed period, and the other by serving a notice with a copy of the petition and account of administration, upon the heirs, thirty days before filing the petition. In this case, neither of those modes appeared to have been adopted.

And in discussing the question of presumption, when a court of general jurisdiction has proceeded to adjudicate a cause, the court must presume the court had evidence there was such service or appearance as confers jurisdiction of the person; the question of jurisdiction being primary and first to be determined, we said was true in all collateral proceedings, but less liable to be rebutted.

If the record shows service which is insufficient, and the record fails to show the court found that it had jurisdiction, then the presumption is rebutted, and it must be held the court acted upon the insufficient notice; that when a summons and return appear in the record, and there is no finding of the court from which it may be inferred there was other service or appearance, it will be presumed the court acted upon the service which appears in the record. In that case, the summons and acknowledgment of service were considered insufficient to confer jurisdiction over the minors, and unless jurisdiction was otherwise obtained, the decree as to them was held to be a nullity, and might be attacked in a collateral proceeding. It has been long settled in this court that, in a proceeding to sell lands of a deceased person by his administrator, unless the mode pointed out by the statute for bringing the parties before the court is pursued, there will be such a want of jurisdiction as will vitiate the order of sale. *Herdman* v. *Short*, 18 Ill. 59 ; *Gibson* v. *Roll*, 27 ib. 92.

It may seem hard that innocent parties who have paid their money for these lots should lose them, but it is no less hard that an infant should be divested of his title, without notice of the proceedings so to divest him.

We are of opinion, for the reasons given, that the decree should be reversed as to John Donlin, and the same is reversed and the injunction dissolved. Catharine Fitzgerald is out of the record, the plea of the statute of limitations having prevailed as against her.

The decree is reversed and the cause remanded.

*Decree reversed.*