## HENRY H. GAGE*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 20, 1905—Rehearing denied Feb. 15, 1906.*

1. SPECIAL ASSESSMENTS—*when recital as to notice of re-docketing is sufficient on collateral attack.* A recital in an order of the county court re-instating a special assessment proceeding, that the transcript of the order of the Supreme Court reversing the judgment and remanding the cause had been filed in said court for more than ten days and that due notice had been given that a motion would be made by the petitioner to re-docket the cause, is a sufficient showing, on collateral attack, as to notice of re-docketing.

2. SAME—*orders re-instating a cause do not require formality of a judgment.* Orders re-instating a cause for further proceedings are not adjudications of issues and do not require the formality of a judgment.

3. SAME—*judgment may refer to a following schedule.* It is not a valid objection to a special assessment judgment that, instead of using the word "aforesaid" and following the schedule containing the list of the property and the several amounts, it refers to a following attached schedule and makes the same a part of the judgment.

4. SAME—*when judgment does not allow a double recovery of printer's fees.* A special assessment judgment rendered for the special assessment, printer's fees and costs, means printer's fees and other costs, since printer's fees are one item of the costs and can be taxed but once.

*Consolidated case, being Nos. 4505, 4510 and 4511.
219—24

APPEAL, from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and JOHN M. O'CONNOR, (JAMES H. LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a consolidated case, consisting of three appeals from judgments of the county court of Cook county under special assessment warrants numbered 24,014, 25,532 and 25,773, upon applications of the county collector of said county, against lands and lots of appellant.

There was but one objection filed in each case in the county court, and it was based on allegations that in the year 1903 judgments were entered in other cases under the same warrant for the collection of the same special assessment; that on appeal the judgments were reversed by this court and the proceedings were remanded generally to the county court; that the proceedings were not properly re-docketed in the county court, and that therefore the former proceedings for the same cause of action were still pending in this court. When the objection came on to be heard the collector asked the court for leave to withdraw the former applications, and the court granted the request and discontinued the same. Appellant contends that the county court had no jurisdiction to dismiss or discontinue the previous applications, and that the leave given was futile to remove the objection, because said previous applications were not properly re-instated in the county court and were still pending in this court. The ground upon which it is insisted that the proceedings were not properly re-instated is, that there was no evidence of notice to the appellant before re-instatement, as required by the statute. The order of the county court re-instating the proceedings in each case recited that

the transcript of the order of this court reversing the judgment and remanding the cause had been filed in said court for more than ten days, and that due notice had been given that a motion would be made by said petitioner to re-docket said cause and for further proceedings in conformity with the opinion of this court. The notice so recited in the order was in substantial compliance with the statute, and in this collateral proceeding the recital was sufficient. *Donlin* v. *Hettinger,* 57 Ill. 348; *Law* v. *Grommes,* 158 id. 492.

The objection that the order of the county court dismissing the other proceedings was null and void constitutes a purely collateral attack on that order and judgment, and the recital of due notice is not overcome by anything in the record.

It is further contended that the orders re-instating the cases were nullities, for the reason that the *ideo consideratum est* was wanting and there was nothing amounting to a judgment by the court. The orders of a court in the progress of a cause do not require the formality of a judgment, and the orders re-instating the cases do not purport to be judgments in favor of either party. They were not adjudications of issues. There was no recovery of any sort and no relief was granted. The court overruled the objection filed by appellant, and did not err in so doing.

Appellant makes several objections to the judgments, one of which is, that they do not conform to the statute. They are not in the precise form given in the statute but are the same in substance. The judgments are entered against the tracts or lots of land or parts of tracts or lots set forth in the schedules thereto attached, which were made a part of the judgments. The schedules show the several amounts for which the judgments were entered against each tract, and there is no material difference between a judgment where the list precedes it and one where the list follows. It is not · a valid objection that a judgment, instead of using the word "aforesaid" and following the list, is followed by the list

referred to, and a judgment like this was held to be substantially in the form directed by the statute in the case of *Dickey & Baker* v. *People,* 213 Ill. 51. In the case of *Gage* v. *People,* 213 Ill. 347, it was said that the judgment against the tracts or lots of land set forth in the schedule attached thereto would have been sufficient if the schedule had shown the property and the several amounts due for the assessment and costs.

Another objection is, that the judgments are rendered for the special assessments, printer's fees and costs and that printer's fees are taxed and collected as costs, so that the judgments allow a double recovery for printer's fees. The printer's fees are one item of the costs and can be taxed only once. The meaning of the judgments is, that they are for printer's fees and other costs. They do not allow double recovery.

Counsel say that there were two judgments entered in each case on different days, but the statement is not borne out by the record. We find but one judgment in each case.

The judgments are affirmed.    *Judgments affirmed.*