(No. 54227.—

SHIRLEY SCHLESSINGER *et al.,* Appellees, v. SIDNEY R. OLSEN, Recorder of Deeds, *et al.,* Appellants.

*Opinion filed September 30, 1981.*

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Deputy State's Attorney, and Stuart D. Gordon and James F. Henry, Assistant State's Attorneys, of counsel), for appellants.

Bilandic, Heistein, Richman, Hauslinger & Young, Ltd., of Chicago (Harry A. Young, Jr., of counsel), for appellees.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Duane C. Quaini, William T. Barker, Jeffrey Lennard, and William G. Crimmins, of counsel), for *amici curiae* National Association of Independent Insurers and the American Insurance Association.

MR. JUSTICE CLARK delivered the opinion of the court:

On September 29, 1978, the plaintiffs, Shirley Schlessinger and Portia Kern, filed a complaint in the circuit court of Cook County challenging the constitutionality of an amended version of the Real Estate Transfer Tax Act (the Act) (Ill. Rev. Stat., 1978 Supp., ch. 120, par. 1003). This court had previously declared unconstitutional an earlier version of the Act. (See *Saltiel v. Olsen* (1979), 77 Ill. 2d 23.) The plaintiffs alleged in the six-count complaint that they were representing all others who had paid the tax, or, alternatively, all Illinois taxpayers.

The plaintiffs made a motion for a preliminary injunction or a temporary restraining order and for class certification on January 16, 1979. The defendants then moved to strike and dismiss the complaint. On April 6, 1979, the judge denied the motion to strike and dismiss and issued a preliminary injunction. In the same order, the trial judge had made findings certifying the action as a class action. These findings were stricken from the order, however. The plaintiffs again moved for class certification, and the defendants moved for reconsideration of their motion to strike and dismiss the complaint. On April 17, 1979, the trial judge denied the motion seeking class action certification based on defendants' objection that any class certification would be premature until discovery was completed. Thereafter, on May 22, 1979, the trial judge granted the motion to reconsider, vacated the order of April 6, 1979, and granted defendants' motion to strike and dismiss the complaint. That order was appealed by the plaintiffs. The appellate court vacated the circuit court's judgment and remanded the cause "for determination of the certification issue prior to any final judgment on the merits." (89 Ill. App. 3d 583, 591.) We allowed the defendants' petition for leave to appeal. 73 Ill. 2d R. 315.

The defendants assert that the appellate court erred when it raised, *sua sponte*, the fact that the cause had not yet been certified as a class action and ordered that the circuit court make that determination prior to making any final judgment on the merits. Additionally, the defendants assert that the appellate court's decision conflicts with this court's decision in *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44.

The plaintiffs contend that, under the facts of this case, the appellate court's decision was correct. The plaintiffs argue that because this action was brought on behalf of those persons who have paid the tax, as one class and, alternatively, on behalf of all State taxpayers as another

class, the appellate court was correct to hold that, before a decision on the merits could be made, the parties who would be affected by the decision had to be definitely established. Also, argue the plaintiffs, the appellate court was correct to vacate the trial court's order, because, had the appellate court reversed and remanded, the trial court might have entered judgment for the individual plaintiffs without ever deciding the class-certification issues. Further, the plaintiffs argue that the appellate court's decision is correct because it is consistent with section 57.3(a) of the Civil Practice Act, which provides:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits." (Ill. Rev. Stat. 1977, ch. 110, par. 57.3(a).)

The appellate court stated: "An implicit corollary to the right to amend is that some decision on class certification must be made prior to proceeding on the merits. The statute provides that this finding be made 'as soon as practicable after the commencement of an action.' Logically, that means prior to ruling on a motion which is dispositive of the merits of the action." (89 Ill. App. 3d 583, 588.) Finally, the plaintiffs argue that the appellate court was correct to vacate the trial court's order, rather than simply certify the class, because the issues relating to class certification had not been briefed, and would need to be, they claim, before the appellate court would be justified in deciding the issue.

The issue thus presented is whether a trial court must decide the class-certification question before it may entertain a motion to dismiss. Our primary concerns with regard to this issue are to conserve judicial resources, to prevent piecemeal litigation, and to provide for the smooth functioning of class actions. It is clear from this court's decision in *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44,

that where the question of certification of the class is the initial question raised, the question of whether a valid cause of action has been stated is necessarily subsumed in the certification question. (72 Ill. 2d 44, 48-49.) Thus, on appeal, both questions may be reviewed together. (Accord, *Steward v. Allstate Insurance Co.* (1980), 92 Ill. App. 3d 637, 644; *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 590; *Board of Education v. Greater Peoria Sanitary & Sewage Disposal District* (1980), 80 Ill. App. 3d 1101, 1105.) The appellate court in this case has held that the converse should be true also: that is, where the question arises of whether a valid cause of action has been stated, the question of whether a proper class action is present must be decided, either before, or at least simultaneously with, the question concerning a cause of action.

We do not quarrel with this rule; in fact it makes good sense and complies with all the concerns mentioned above. We do not, however, see how it could be said to be required. For one thing, the defendant will file a motion to dismiss the complaint for failure to state a cause of action. The issue of class certification will not even be broached by the motion to dismiss. Instead, it will be raised by the plaintiff. (See Forde, *Illinois's New Class Action Statute*, 59 Chi. Bar Rec. 120, 128 (1977).) Also, as here, discovery concerning the prerequisites of a class action (see Ill. Rev. Stat. 1977, ch. 110, par. 57.2) will not have been completed. Thus, while a motion to certify a class, if granted, presupposes that a valid cause of action has been stated (*Landesman*), a motion to dismiss for failure to state a cause of action is not dependent on a decision on the class-certification issue, since no class action can proceed unless a cause of action is stated. In the first instance, the two questions are inextricable; in the second instance, they are separate questions which would be raised by different parties. (Of course, if a motion to certify is denied, the issue of a valid cause of action as to the named plaintiffs is unaffected. If a

motion to dismiss is denied, the trial court would simply proceed to consider the certification issue.)

The situation present here, moreover, is distinguishable from the situation discouraged by the Supreme Court, where, in certifying a class action, a trial court makes the determination that the plaintiff is likely to prevail on the merits. (*Eisen v. Carlisle & Jacquelin* (1974), 417 U.S. 156, 40 L. Ed. 2d 732, 94 S. Ct. 2140; *American Pipe & Construction Co. v. Utah* (1974), 414 U.S. 538, 38 L. Ed. 2d 713, 94 S. Ct. 756.) In those two cases, the court looked with disfavor upon the practice of putative members of a class awaiting developments in a trial or even final judgment before choosing to join a class. The court stated in *American Pipe:*

> "This situation—the potential for so-called 'one-way intervention'—aroused considerable criticism upon the ground that it was unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one. The 1966 amendments [to Rule 23 of the Federal Rules of Civil Procedure] were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments." (414 U.S. 538, 547, 38 L. Ed. 2d 713, 723, 94 S. Ct. 756, 763.)

Even though it is true, as the appellate court pointed out, that if a motion to dismiss a complaint is granted prior to certification, other suits may be brought by parties other than the original named plaintiffs, that is a risk that the defendant assumes by filing a motion to dismiss. In the instant case, the trial judge did not make an unbidden determination that one party was likely to prevail on the merits. Rather, the trial judge decided a motion raised by the defendant. It was appropriate to do so because it would be expensive and wasteful of time and effort to permit discovery to proceed on the certification issue if the trial

judge was of the opinion that no valid cause of action had been stated. As *amici* point out in their brief, the time and expense consumed through discovery, litigating the requirements for certification, and notification of class members, may all be avoided by a prompt consideration of a motion to dismiss the complaint. We think the following statement of the district court in *Garcia v. Rush-Presbyterian-St. Luke's Medical Center* (N.D. Ill. 1978), 80 F.R.D. 254, 260, is applicable to this case:

> "Rule 23(c)(1), Fed. R. Civ. P., requires that [a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.
>
> Recent decisions in this circuit and elsewhere have expressed a strong preference for early certification as required by the explicit language of the rule. *See, e.g., Larionoff v. United States,* 175 U.S. App. D.C. 32, 36-37, 533 F.2d 1167, 1182-83, *aff'd,* 431 U.S. 864, 97 S. Ct. 2150, 53 L. Ed. 2d 48 (1977); *Jimenez v. Weinberger,* 523 F.2d 689 (7th Cir. 1975), *cert. denied,* 427 U.S. 912, 96 S. Ct. 3200, 49 L. Ed. 2d 1204 (1976). It has been suggested that the rationale of these cases, if carried to a logical extreme, would require certification to precede even disposition of motions under Rule 12. *Comment, Developments in the Law of Class Actions,* 89 Harv. L. Rev. 1318, 1421 (1976). However, where, as here, defendants' summary judgment motions allow the court to explore and define the proper range of judicial inquiry on the allegations of the complaint, disposition of those motions before certification is appropriate."

Therefore, where a motion to dismiss is made by a defendant, thereby placing in issue the sufficiency of a complaint, a trial court need not delay deciding the motion until the certification question has been resolved. This rule in no way diminishes the statutory responsibility of a trial court to decide the class-certification issue "as soon as is

practicable"; it simply recognizes that the important interests of time and efficiency are served better by a prompt determination of a motion to dismiss than by deferring a decision until after the certification issue has been decided.

Accordingly, for the reasons stated, the judgment of the appellate court is reversed, the judgment of the circuit court is affirmed, and the cause is remanded to the appellate court for consideration of the issues raised there.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded, with*
*directions.*