JOHN BURNS CONSTRUCTION COMPANY, Plaintiff-Appellee, *v.* IN-TERLAKE, INC., Defendant-Appellant.

First District (2nd Division)   No. 83—1422

Opinion filed June 19, 1984.

Wildman, Harrold, Allen & Dixon, of Chicago (Thomas D. Allen and Robert E. Kehoe, Jr., of counsel), for appellant.

Pope, Ballard, Shepard, & Fowle, Ltd., of Chicago (Thomas J. Regan and Mark T. Dunn, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

In 1974 John Burns Construction Company (Burns) brought an action in the circuit court of Cook County against Interlake, Inc. (Interlake), seeking additional payment for a sewer project which, pursuant to a written contract, Burns had constructed for Interlake in 1973. Interlake paid to Burns the stated contract price of $68,117, but Burns claimed an additional $149,000 to cover the cost of extra work resulting from unforeseeable problems encountered on the job. The trial court, on the basis of mutual mistake, rescinded the parties' written contract and, applying *quantum meruit*, entered judgment for Burns in the sum of $130,406.25. Interlake appealed, and this court affirmed the trial court's rescission of the contract but vacated the damage award of $130,406.25, finding that the award "did not take into account what amount of Burns' costs were attributable to Burns' own construction errors." This court remanded for a hearing "to ascertain the value of Burns' work. The value of that work should not include the costs, if any, necessitated by Burns' own negligent acts or omissions." *John Burns Construction Co. v. Interlake, Inc.* (1982), 105 Ill. App. 3d 19, 28, 433 N.E.2d 1126, 1132.

On remand, the trial judge deleted what he concluded were the costs attributable to Burns' negligence and entered a $117,571.25 judgment in favor of Burns. Interlake again appeals, contending (1) that "the trial court erred in the nature of the hearing upon remand"; (2) that the trial court "wrongfully excluded evidence" as to the value of Burns' work; and (3) that the trial court's "starting point" of $130,406.25[1] for recomputing damages was unsupported by the evidence.

On remand, the judge advised the parties, "I want you to be fully aware that I intend to really restrain or restrict this hearing pursuant to the Appellate Court mandate to a hearing in the area of the damage award of the Court less whatever would be attributable to Burns, either because of their own negligence in the two areas, the Valley Mould and Iron line area and in piercing an existing sewer line with one of its well points. It appears to me that's what the [Appellate]

---

[1]Interlake at times refers to this figure as the "baseline."

Court has delineated for our attention ***."

Interlake's counsel argued that the hearing would not be "limited just to the consideration of the value caused by those problems due to Burns' negligence, *** but that the [Appellate] Court has remanded this case for a determination of the value of Burns' work." Interlake contended that the hearing should consider the "total evidentiary value of their [Burns] work."

The trial court disagreed, stating that it was "not going to allow a general calculation of an overall worth of John Burns' work ***." The trial judge noted that he had already considered the initial evidence of Burns' costs in arriving at his original conclusion with regard to damages.

Richard L. Thompson, executive vice-president and secretary of Burns during the instant sewer project, testified: he computed Burns' costs in the Interlake sewer project to be $217,667.82. The costs attributable to the Valley Mould and Iron line rupture allegedly caused by Armco, Burns' subcontractor, amounted to $3,434.62, and the cost to repair the piercing of the existing sewer line caused by Moretrench, also Burns' subcontractor, amounted to $1,063.42. These costs covered labor, equipment and subcontractor bills received by Burns from its subcontractors.

James Bitner, plant engineer for Interlake, testified: he was responsible for overseeing "the contractors' performance of installing a new sanitary sewer at the furnace plant." The ruptured sewer line was "plugged" in a day and a half. With regard to the piercing of the existing sewer line, Bitner explained that following this incident the dewatering system was incapable of removing all of the escaping water and required enlarging. He further testified that it cost $900 to rebuild "manhole #2" and $8,500 to install the necessary dewatering system.

George Berry, business administrator for Moretrench American Corporation, Burns' dewatering subcontractor, testified: Moretrench prepares service reports that are kept in "the normal course of [the] company's business."

When Interlake's counsel attempted to introduce into evidence the Moretrench service reports to establish the negligence of Burns, the trial court sustained Burns' objection to the admission of these reports as irrelevant.

At the conclusion of the hearing, the trial judge noted that in his opinion the appellate court did not "quarrel" with his original damage award but rather with his inclusion in such award of an amount attributable to Burns' own negligence. The court recalculated the

amount of damages, accepting Burns' figure of $3,434.62 as its responsibility, together with $8,500 for constructing the second dewatering system and $900 for rebuilding "manhole #2." Subtracting these items from the original award, the trial court entered judgment in the sum of $117,571.63.

Interlake contends that the prior decision of this court "instructed" the trial court on remand "to conduct a hearing to ascertain the value of Burns' work" under the principle of *quantum meruit*; that all evidence of value is relevant; and that the trial court's "starting point" of $130,406.25 in recomputing damages was not supported by the evidence.

Our original opinion stated in relevant part, "We believe that the award of damages must be vacated and the cause remanded for a hearing to ascertain the value of Burns' work. The value of that work should not include the costs, if any, necessitated by Burns' own negligent acts or omissions. *** [We] remand the cause for a hearing on damages not inconsistent with the views expressed herein."

The trial judge maintained that the appellate court mandate required only that he determine the damages attributable to the negligence of Burns and remove such damages from the award.

■ It is generally held that "where a reviewing court remands a cause with specific directions, they must be followed exactly [citations]; but, if specific directions are not given, the trial court is required to examine the appellate court's opinion and determine therefrom what further proceedings would be proper and consistent with the opinion." (*Zokoych v. Spalding* (1980), 84 Ill. App. 3d 661, 666, 405 N.E.2d 1220, 1225.) Where, as in the instant case, "the direction is to proceed in conformity with the opinion, then, of course, the content of the opinion is significant. [Citations.] In construing the language, matters which are implied may be considered embraced by the mandate." *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d. 291, 308, 427 N.E.2d 563, 571.

Our review of this record reflects that the trial court here limited the admission of evidence to the "costs" attributable to Burns' errors with regard to the Valley Mould and Iron line rupture and the piercing of the existing sewer line. These were the two specific areas of Burns' negligence to which reference was made in the original appeal of this case. Pursuant to our views expressed in the first appeal, the trial court here ascertained and deducted from the award of $130,406.25 the costs attributable to Burns' errors.

■ The amount of an award is "purely a factual issue which it [is] the duty of the *** trial judge to determine. *** This court may

not set aside factual results reached by the trial court except when those results are manifestly contrary to the weight of the evidence." *Anderson v. Gewecke* (1976), 36 Ill. App. 3d 170, 176-77, 343 N.E.2d 673, 678.

■ In the case *sub judice* , the trial court had ample opportunity to determine and to assess the damages suffered by plaintiff. In the initial trial, itemized statements of all Burns' costs were admitted into evidence. On remand, the trial court determined which costs were attributable to Burns' own negligence and thereupon removed them from the award.

In our opinion, the hearing on remand was conducted consistent with the views expressed in our prior decision.

For the reasons stated herein, we affirm the trial court's $117,571.25 judgment.

Affirmed.

STAMOS and DOWNING, JJ., concur.