MARCELLO AGUILAR *et al.*, Indiv. and in a representative capacity on behalf of all persons similarly situated, Plaintiffs-Appellants, v. SAFEWAY INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 85—3529

Opinion filed June 26, 1987.—Rehearing denied July 21, 1987.

878

SULLIVAN, P.J., dissenting.

Leo M. Bleiman, of Leo M. Bleiman, P.C., of Chicago (David A. Novoselsky and Kathleen M. Krist, of counsel), for appellants.

Parrillo, Weiss & Moss, of Chicago (Kimberly G. Moss, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County on November 25, 1985, which dismissed plaintiffs' complaint with prejudice. No motion for class determination has been presented pending the disposition of this appeal.

Plaintiffs contend that defendant's insurance policy required plaintiffs to file suit against uninsured motorists, thereby entitling plaintiffs to reimbursement of their court costs, jury fees and sheriff's costs pursuant to section 143a(6) of the Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755a(6)).

Plaintiffs further contend that defendant's insurance policy created an ambiguity in the wording of its policy concerning the filing of civil suits by its insureds against uninsured motorists.

We find the trial court erred in dismissing plaintiffs' complaint and therefore reinstate the complaint and remand for further proceedings.

Pertinent to our disposition are the following facts. Plaintiffs, Marcello Aguilar, Maher Nubani and Maria Lourdes Guzman, brought suit individually and in a representative capacity against defendant, Safeway Insurance Company, alleging that the defendant (an insurance company operating in Illinois under the provisions of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 1 *et*

*seq.*)) had issued policies of automobile liability insurance coverage to plaintiffs, that under the Insurance Code, insurers were required to provide uninsured motorist coverage and that the coverage was required to meet specific minimum statutory coverage amounts. Plaintiffs further alleged that the insureds were required to comply with all terms and conditions of the insurance policies, including written notice of a claim under the uninsured motorists provisions of the policy, and that they were specifically required to file suit against the uninsured motorist within two years of the date of the accident.

Plaintiffs also alleged that they each presented written claims to the defendant pursuant to the uninsured motorists provisions of their policies, but the defendant failed to advance the court costs, jury fees and sheriff's fees to them, which plaintiffs claimed they were entitled to receive pursuant to section 143a(6) of the Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755a(6)).

As a consequence, plaintiffs paid the court costs, jury fees (in some instances) and sheriff's fees, without receiving reimbursement from the defendant. The costs and expenses which plaintiffs paid for the filing of the civil suits against the respective uninsured motorists were the basis for plaintiffs' claims for damages.

Initially it should be noted that plaintiffs have mistakenly referred to defendant's motion to dismiss as being made pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Defendant filed a motion to dismiss plaintiffs' complaint on the basis that the complaint failed to state a cause of action. Clearly, such a motion is made pursuant to section 2—615.

■ It is undisputed that, in Illinois, the interpretation of insurance contracts is a question of law. (*Kusiciel v. La Salle National Bank* (1982), 106 Ill. App. 3d 333, 435 N.E.2d 1217.) An insurance policy in which no ambiguity appears is to be read as any other contract, that is, according to the plain and ordinary meaning of its terms. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 317 N.E.2d 491.) In order to ascertain the intent of the parties the court should not examine the policy in a vacuum but should look to the circumstances surrounding the issuance of the policy, such as the situation of the parties and the purpose for which the policy was obtained. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247.) Contrary to defendant's contentions, the policy is to be construed as a whole and the court's inquiry is not confined to the conditions specified in plaintiff's complaint. (*Sawyer Fruit & Vegetable Co-Operative Corp. v. Lumbermens Mutual Casualty Co.* (1983), 117 Ill. App. 3d 407, 453

N.E.2d 826.) In interpreting the policy at bar, attention must be directed to the purported ambiguous section of the policy. Plaintiffs contend that, in particular, section 3 of the policy is ambiguous.

Section 3 is found under the "conditions" section in defendant's insurance policy. These conditions, by their own terms, apply to all parts of the insurance contract. Section 3 states:

"3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. A suit seeking recovery under Part II [Family Protection Coverage] must be filed within two years of the accident. In the event of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand notice, summons or other process received by him or his representative."

The controversy here evolves around the language referring to the two-year period to file an action. It states that "a suit seeking recovery under Part II must be filed within two years of the accident." Part II is entitled: "Family Protection Coverage (Uninsured Motorist Coverage)." Defendant contends Part II does not refer to a suit against the uninsured motorist but rather refers to a suit brought by the insured against the insurance company. Defendant claims that the two-year period under the "Family Protection Coverage" part cannot be construed to refer to an action in tort against a tortfeasor. We cannot agree. As plaintiffs aptly indicate, the insurance company, by the terms of Part II of the policy, cannot even be sued under such circumstances. Part II provides:

"Arbitration. If any person making claim hereunder and the company do not agree that both vehicle(s) and the driver(s) of the vehicle(s) with which any person making claim has had an accident, were not covered by liability insurance at the time of the accident, or do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to an insured, or do not agree as to the amount payable hereunder, then these matters shall be submitted to arbitration ***."

■ Furthermore, if the defendant wanted section 3 and the two-year period to apply only to suits brought against the insurance

company, it could have stated this in explicit terms. For example, in the conditions section of the policy, subsection 6 is entitled "Action Against Company-Part 1." This language is clear and unequivocal. Whereas, the statement "a suit seeking recovery under Part II must be filed within two years of the accident" is not unequivocal. Where language in an insurance policy is subject to different interpretations, such ambiguity is to be construed in favor of the insured, and not the insurance company, which drafted the contract of insurance. *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044.

■ Defendant attempts to rely upon condition 5 to illustrate that it merely reserved the right to require plaintiffs to file suit. Condition 5 provides:

"Condition 5. Assistance and Cooperation of the Insured. The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. The insured shall not, except at his own costs, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.

After the notice of claim under any part of this policy, the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against the company, the company may require the insured to join such person or organization as a party defendant."

There is no expression, term or condition set forth in the policy which described by what means or what manner the company's election might take, the time frame within which such election might be made, or how the election would be communicated to the insured. We therefore find the insurance policy ambiguous as a matter of law.

In light of those ambiguities, we are compelled to construe the policy as against the defendant-drafter of the policy. Such construction leads to the inevitable conclusion that defendant, by the terms of the policy as alleged in the complaint, required plaintiffs to file suit against the uninsured motorists. As further alleged in the com-

plaint, by requiring the initiation of those law suits, defendant has become obligated to reimburse plaintiffs for court costs associated with those cases. Ill. Rev. Stat. 1981, ch. 73, par. 755a(6).

Accordingly, plaintiffs have stated a cause of action and their complaint was erroneously dismissed.

For the reasons stated above, we reverse and remand to the circuit court of Cook County with directions that the complaint be reinstated.

Reversed and remanded.

MURRAY, J., concurs.

PRESIDING JUSTICE SULLIVAN, dissenting:

The order appealed from granted defendant's motion to dismiss under section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), for failure to state a cause of action. Such a motion tests only the legal and not the factual sufficiency of the complaint (*Interway Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615), and preserves for review only the question as to whether the complaint was legally sufficient (*Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 504 N.E.2d 193; *Henkhaus v. Barton* (1977), 56 Ill. App. 3d 767, 371 N.E.2d 1166).

The policies issued by defendant to plaintiffs, which provide for uninsured motorists coverage in Part II thereof, also barred actions by the insureds by requiring that all disputes as to claims under the uninsured motorist coverage be submitted to arbitration. However, section 3 in the conditions clause of those policies provided that "a suit seeking recovery under Part II *** must be filed within two years of the accident."

Defendant argues that the quoted language in section 3 refers to suits against it, whereas plaintiffs contend that it required them to bring actions within two years against uninsured motorists. Thus, the seminal question presented is whether the language in those provisions created an ambiguity. If it was ambiguous, as contended by plaintiffs, then its determination is a question of fact which is not properly reached in a section 2—615 motion to dismiss (*Interway Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615), or properly considered on appeal in this court. *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 504 N.E.2d 193; *Henkaus v. Barton* (1977), 56 Ill. App. 3d 767, 371 N.E.2d 1166.

The trial court in dismissing the complaint here held, as a mat-

ter of law, that it failed to state a cause of action. Implicit in this holding is a finding that the language in question was unambiguous. However, the majority found that the language in question was ambiguous, and because it is reasonably susceptible to more than one meaning, I agree with this finding. See *Richards v. Liquid Controls Corp.* (1975), 26 Ill. App. 3d 111, 325 N.E.2d 775.

Because, as stated above, an appeal from a dismissal for failure to state a cause of action preserves for review only the legal sufficiency of the complaint and since the resolution of an ambiguity presents a factual question, the majority having found the language ambiguous should have vacated the judgment and remanded for further proceedings to resolve the ambiguity through parol evidence which would be admissible to explain and ascertain the meaning of the language in question. (*Interway Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615.) As stated in one of the cases cited by the majority, *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 336, 312 N.E.2d 247, 250, "[a]n insurance policy is not to be interpreted in a vacuum; it is issued under given factual circumstances. What at first blush might appear unambiguous in the insurance contract might not be such in the particular factual setting in which the contract issued. *Jensen v. New Amsterdam* (1965), 65 Ill. App. 2d 407, 415."

However, instead of *vacatur* and remandment as suggested above, the majority has resolved the ambiguity, a factual determination, in favor of plaintiffs, and in so doing has improperly predetermined the liability of the defendant without giving it the opportunity to negate allegations in the complaint or to assert possible policy defenses.

Accordingly, I would vacate the finding that the complaint failed to state a cause of action, and remand for further proceedings consistent with the content of this dissent.