MARCELLO AGUILAR *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. SAFEWAY INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.

First District (5th Division)   No. 1—90—1540

Opinion filed November 15, 1991.

David A. Novoselsky & Associates, of Chicago (David A. Novoselsky and Linda A. Bryceland, of counsel), for appellants.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Alvin R. Becker and Timothy M. Kelly, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

On September 3, 1985, plaintiffs Marcello Aguilar (Aguilar), Maher Nubani (Nubani) and Maria DeLourdes Guzman (Guzman), individually and in a representative capacity, filed a class action complaint against defendant Safeway Insurance Company (Safeway). Plaintiffs, as insureds under their automobile policies, brought actions against their insurer, Safeway, to recover court costs, jury fees, and sheriff's costs incurred in suits brought against uninsured motorists. Plaintiffs maintained that their policies required them to file such suits. The circuit court dismissed the complaint, and the insureds appealed. In a majority opinion this court found ambiguities in Safeway's policy which compelled it to construe the policies against Safeway. The majority found that plaintiffs had stated a cause of action and their complaint was erroneously dismissed. This court reversed the trial court with directions that the complaint be reinstated. *Aguilar v. Safeway Insurance Co.* (1987), 157 Ill. App. 3d 877, 882, 510 N.E.2d 1135, 1137.

A minority opinion disagreed with the majority's opinion and determined that the majority should have vacated the trial court's finding that the complaint stated a cause of action and should have remanded the cause for further proceedings consistent with the content of the dissent. (*Aguilar*, 157 Ill. App. 3d at 883, 510 N.E.2d at 1138 (Sullivan, P.J., dissenting).) After petition for rehearing was denied, Safeway petitioned for leave to appeal to the Illinois Supreme Court. That petition was denied. *Aguilar v. Safeway Insurance Co.* (1987), 157 Ill. App. 3d 877, 510 N.E.2d 1135, *appeal denied* (1987), 117 Ill. 2d 541, 517 N.E.2d 1083.

On remand the matter was refiled and assigned to a trial judge different than the trial judge who heard the original case. On January 25, 1988, plaintiffs filed a motion to maintain a class action. Plaintiffs

sought certification of a class, consisting of "all persons, corporations or entities who filed civil suits against uninsured motorists and paid court filing fees, jury fees and sheriff's costs to file those suits while presenting or prosecuting uninsured motorist claims against Safeway Insurance Company, during the period from June 17, 1977 to the present date." Following a hearing on December 1, 1988, the trial court denied the plaintiffs' motion to maintain a class action without prejudice.

On July 13, 1988, defendant filed its answer to the complaint, affirmative defenses and counterclaim. Defendant raised four affirmative defenses: that plaintiffs purchased their insurance policies before the effective date of the applicable statute and thus were not entitled to reimbursement; that plaintiffs' actions should be stayed pending arbitration of all questions of uninsured motorists coverage; that plaintiffs Aguilar and Guzman executed releases discharging all claims against Safeway; and that plaintiffs' claims should be barred for lack of reliance on the Safeway policy and by *laches*.

Plaintiffs filed a motion to strike defendant's affirmative defenses, arguing that the matters set forth in defendant's affirmative defenses could have been raised in the former appeal but were not. On August 21, 1989, the trial court denied plaintiffs' motion to strike the first and third affirmative defenses. The motion to strike the second affirmative defense was granted to the extent that the ultimate determination at arbitration was irrelevant. On September 22, 1989, the trial court granted plaintiffs' motion to strike defendant's fourth affirmative defense.

On December 1, 1988, the trial court heard oral arguments on plaintiffs' motion to certify the class. The trial court denied the motion without prejudice. On January 12, 1990, a stipulation in lieu of evidence was filed. The parties agreed that each of the plaintiffs had commenced legal action against the uninsured motorist and incurred court costs of $140.72 by Aguilar, $58.92 by Nubani, and $63.56 by Guzman.

On February 28, 1990, judgment was entered in favor of plaintiff Nubani and against Safeway in the amount of $58.92. Judgment was entered in favor of Safeway and against Aguilar and Guzman. Defendant voluntarily dismissed its counterclaim, and plaintiffs made an oral motion for reconsideration of the denial of class certification.

On March 30, 1990, plaintiffs filed a motion to vacate the trial court's order of December 1, 1988, denying plaintiffs' motion for class certification without prejudice. Plaintiffs also filed their post-trial motion, requesting that the trial court vacate the portion of its order of

February 28, 1990, granting judgment in favor of defendant and against certain plaintiffs.

On April 26, 1990, the trial court denied the motion for class certification. Both plaintiffs' motion to vacate the December 1, 1988, order and plaintiffs' post-trial motion were denied.

Plaintiffs appealed and Safeway filed a cross-appeal. Aguilar, Nubani, and Guzman, as individual plaintiffs and as representatives of the proposed class, request this court to reverse the judgment of the trial court in its orders entering judgment in favor of Safeway as to certain of the plaintiffs and in failing to certify the class.

Safeway's appeal is predicated solely on the eventuality of the court granting plaintiffs relief in their appeal and, since the law compels this court to affirm the trial judge, we do not consider Safeway's appeal.

Plaintiffs make two points in their appeal. First, they charge the trial court with ignoring the mandate of this court by permitting Safeway to raise affirmative defenses asserting that they are contrary to this court's prior ruling in the case. Second, plaintiffs argue that the trial court erred in dismissing its request for class certification.

It is true that in its earlier opinion this court determined that the Safeway insurance policy was ambiguous as a matter of law. As a result of those ambiguities, this court stated: "[W]e are compelled to construe the policy as against the defendant-drafter of the policy." (*Aguilar v. Safeway Insurance Co.* (1987), 157 Ill. App. 3d 877, 881, 510 N.E.2d 1135, 1137.) The original appeal was an appeal from a section 2—615 motion to dismiss. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) The majority found that the complaint was erroneously dismissed and that the complaint stated a cause of action. The majority reversed and remanded the cause to the circuit court "with directions that the complaint be reinstated."

In *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 308-09, 427 N.E.2d 563, 571, the Illinois Supreme Court stated:

> "The correctness of the trial court's action on remand is to be determined from the appellate court's mandate, as opposed to the appellate court opinion. [Citations.] However, if the direction is to proceed in conformity with the opinion, then, of course, the content of the opinion is significant. [Citations.] In construing the language, matters which are implied may be considered embraced by the mandate. [Citation.] The trial court has no authority to act beyond the dictates of the mandate. * * * Thus, the controlling question in the appeal from the remand in

this case is whether the trial court complied with the mandate."

■ Where a reviewing court remands a cause with specific instructions, they must be followed exactly. If specific instructions are not given, the trial court is required to examine the court's opinion and determine therefrom what further proceedings would be proper and consistent with the opinion. (*John Burns Construction Co. v. Interlake, Inc.* (1984), 125 Ill. App. 3d 26, 465 N.E.2d 639.) Finally, the correctness of a trial court's action on remand is to be determined from the appellate court's mandate, as opposed to the appellate court's opinion, unless the mandate directs the trial court to proceed in conformity with the opinion. *In re Application of Kane County Collector* (1985), 135 Ill. App. 3d 796, 482 N.E.2d 161.

Had the majority followed the language of the dissent to "remand for further proceedings consistent with the content of the dissent," plaintiffs' argument would have merit. However, this court gave specific and exact instructions. The mandate of this court states: "The order appealed from of the Circuit Court of Cook County is REVERSED and this case is remanded with directions that the complaint be reinstated." The opinion in this case states: "For the reasons stated above, we reverse and remand to the circuit court of Cook County with directions that the complaint be reinstated." (157 Ill. App. 3d at 882.) No other directions were given. Neither the mandate nor the opinion directed the trial court to act in conformity with the views expressed in the opinion. The opinion merely directed the trial court to reinstate the complaint. Moreover, this court did not direct the trial court to find in favor of either the plaintiff or the defendant in this case, nor did this court direct that further proceedings should be limited to proof of damages.

In *Gage v. People ex rel. Hanberg* (1905), 219 Ill. 369, 371, 76 N.E. 498, the Illinois Supreme Court rejected the argument that judgment should have been entered upon remand with directions to reinstate, commenting:

> "[T]he orders re-instating the cases do not purport to be judgments in favor of either party. They were not adjudications of issues. There was no recovery of any sort and no relief was granted."

Once plaintiff's allegation has withstood a motion to dismiss, the preferable alternative is to remand thereby permitting the defendant to put the matter in issue as a question of fact by filing an answer. *Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 1015, 398 N.E.2d 1214, 1219;

*Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 936, 388 N.E.2d 1261.

In *Mid-Town Petroleum, Inc. v. Dine* (1983), 114 Ill. App. 3d 112, 448 N.E.2d 596, the appellate court rejected an argument analogous to the one advanced by plaintiffs here. In *Dine*, the trial court dismissed plaintiff's complaint; however, the appellate court reversed and remanded the cause for further proceedings. On remand the trial court permitted new parties to intervene, denied specific performance and plaintiff was given leave to file an amended complaint for damages. Subsequently, plaintiff argued that the appellate court's ruling, binding on the trial court as the law of the case, was that if plaintiff could prove the facts set forth in the complaint, then it would be entitled to the relief of specific performance. The *Dine* court approved the proceedings on remand, commenting that plaintiff "misconstrue[d] the holding in the first case which was limited only to the question of the sufficiency of the complaint and whether the cause of action was barred by the Statute of Frauds." *Dine*, 114 Ill. App. 3d at 119, 448 N.E.2d at 601.

Plaintiffs argue that "this Court reversed the finding of the trial court and remanded this matter to the trial court for a determination of the only remaining issue to be resolved—the damage to be assessed against defendant for each plaintiff. The principal issue in the case—whether defendant was 'obliged' to reimburse plaintiffs for court costs associated with those cases—was clear and unequivocally resolved in favor of all named plaintiffs and against defendant." Plaintiffs further state:

> "This Court's findings that the policy was ambiguous, that the policy required the insured to initiate suit against the at-fault driver, and that as a result of this requirement, defendant was obligated to reimburse plaintiffs for the court cost incurred in those cases became the law of this case. The trial court was bound to follow the directions of the mandate of this Court which set forth these rules of law."

Plaintiffs maintain that in its earlier opinion this court entered judgment in favor of the plaintiffs. We disagree.

This was a motion to dismiss under section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) Such a motion addresses defects on the face of the pleading, admitting all well-pleaded facts and attacking facially only the complaint's legal sufficiency. (*Hofner v. Glenn Ingram & Co.* (1985), 140 Ill. App. 3d 874, 489 N.E.2d 311.) In reviewing an order of dismissal, a reviewing court must determine whether the allegations of the complaint, when

interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action on which relief may be granted. (*Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 407 N.E.2d 156.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to recover. *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253; *Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 495 N.E.2d 1132.

■ "Although questions of law actually decided in a previous appeal are binding, matters concerning the merits of a controversy which were not decided by the appellate court do not become the law of the case." (*Huber v. Seaton* (1989), 186 Ill. App. 3d 503, 505, 542 N.E.2d 464, citing *Zokoych v. Spalding* (1980), 84 Ill. App. 3d 661, 667, 405 N.E.2d 1220.) In the present case, defendant challenged the legal sufficiency of the complaint and won. Plaintiffs took an appeal on this limited issue, and this court established the legal sufficiency of the complaint, remanding to the trial court for further proceedings. The appellate court did not purport to enter judgment, and beyond directing the reinstatement of plaintiffs' complaint, the court did not limit further proceedings in any way. The filing of an answer and affirmative defenses is fully consistent with the mandate of this court to reinstate the complaint and proceed with the litigation. For the above reasons, we reject the plaintiffs' arguments that the trial court erred in not striking all of the affirmative defenses raised by Safeway and affirm that portion of the trial court's order.

Following the issuance of the mandate remanding this matter to the trial court, plaintiffs filed a motion for class certification. Defendant opposed plaintiffs' motion for class certification, contending that the description of the proposed class was defective, that plaintiffs failed to establish numerosity, that individual questions predominated over common questions, and that plaintiffs were inadequate representatives of the proposed class. Plaintiffs argue that in light of this court's earlier determination of the liability issue in this case, it was error for the trial court to consider the affirmative defenses raised by defendant after this matter was remanded to the trial court for a determination of damages only. Plaintiffs maintain that this court determined defendant's liability to plaintiffs under the insurance policy. Plaintiffs continue to maintain that this court awarded them damages in its earlier opinion. As stated above, this court directed the trial court to reinstate the complaint. This court did not enter a judgment of any sort, and the trial court properly allowed the defendant to file an answer and affirmative defenses.

Plaintiffs sought a class certification of "all persons, corporation, or entitles who filed civil suits against uninsured motorists and paid court filing fees, jury fees and sheriff costs to file suits in the circuit courts of the State of Illinois while presenting uninsured motorist claims against Safeway Insurance Company during the period from June 17, 1977 to the present date."

■ The plaintiffs are correct; a class action is an appropriate way of disposing of a number of relatively small claims. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 478.) Yet a trial court's decision whether or not to certify a purported class is a matter within the sound discretion of the trial court, and the trial court's action will only be reversed upon a showing of a clear abuse of discretion or application of impermissible legal criteria. (*Schlenz v. Castle* (1981), 84 Ill. 2d 196, 203, 417 N.E.2d 1336, 1339.) We cannot say that the trial court abused its discretion or applied impermissible legal criteria in this case.

■ The named plaintiffs in a class action have the burden of establishing the statutory prerequisites present before the court can sanction the maintenance of the suit as a class action. (*Wheatley v. Board of Education of Township High School District 205* (1984), 99 Ill. 2d 481, 486, 459 N.E.2d 1364, 1367.) Section 2–801 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2–801) provides that an action may be maintained as a class action only if the court finds that the following requisites have been met:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

■ The proponent of a class action has the burden of establishing the above prerequisites, and the determination of whether those prerequisites have been met rests within the discretion of the trial court, whose determination will not be disturbed absent a clear abuse of that discretion. (*Kulins v. Malco, A Microdot Co.* (1984), 121 Ill. App. 3d 520, 459 N.E.2d 1038.) We cannot say that the trial court abused its discretion in finding that the plaintiffs did not sustain their burden of proof.

Plaintiffs suggest that a large number of defendant's insureds submitted uninsured motorist claims; however, plaintiffs offered no evidence in the trial court and they offer no argument in this court to indicate how many of these claimants filed lawsuits against at-fault drivers. In plaintiffs' brief and memorandum of law in support of plaintiffs' motion for class certification, plaintiffs alleged the following facts in support of their assertion that the numerosity requirement had been met: "there are hundreds, if not thousands of claimants who have sued uninsured motorists to entitle them to proceed with arbitration against their insurer, Safeway"; the "defendant's attorneys, Parrillo, Weiss and Moss have identified more that [*sic*] 1102 existing, open uninsured motorist claim files presently pending in their offices"; the American Arbitration Association "has identified 235 uninsured motorist claim files in their possession since June, 1977"; and that "plaintiffs are informed and believe that there are an unknown number of closed and settled uninsured motorist claim files being stored in warehouses by Safeway or their attorneys, for which their insureds paid filing fees which were not reimbursed by Safeway." In response defendant argued that plaintiffs offered no evidence to indicate how many of these claimants filed lawsuits against the uninsured motorists at fault. The failure to adduce any evidence to support their claim of numerosity is fatal to plaintiffs' motion for class certification. *David B. v. DeVito* (1980), 86 Ill. App. 3d 787, 408 N.E.2d 275.

Plaintiffs argued that Safeway's insurance policy created a common question in this case. In turn defendant argued that individual issues predominated in order to establish membership in the proposed class, each prospective claimant would be required to show (1) that Safeway issued an insurance policy after September 24, 1981, (2) that uninsured motorists coverage was in effect, (3) that there was covered loss, (4) that a claim was submitted to Safeway for payment of the loss, (5) that the at-fault driver was in fact uninsured, (6) that a lawsuit was filed against the uninsured motorist, and (7) that the lawsuit was filed in reliance upon Safeway's insurance policy. As stated previously, the proponent of a class action has the burden of establishing the statutory prerequisites, and the determination of whether those prerequisites have been met rests within the discretion of the trial court. (*Kulins v. Malco, A Microdot Co.* (1984), 121 Ill. App. 3d 520, 459 N.E.2d 1038.) We do not find that the trial court abused its discretion in denying class certification.

At oral argument in the trial court, plaintiffs' counsel stated: "The only issue I could see left on remand would be the issue of the amount of damages and the possibility of class certification." Plain-

tiffs' counsel continued to maintain that this court had entered a judgment in plaintiffs' favor.

The trial court stated:

> "Well, I think you have to take the case as it went to the Appellate Court. If it went there on a motion on the pleadings, a motion to dismiss the pleadings under Section 2—615, then they held that the pleadings did state a cause of action to give the opinion. The reading that [plaintiffs' counsel] gave I think would jump by the issue of the trial which would be contrary to all our basic notions of fairness.
>
> I think to make sense of the opinion, there are, probably not given that this is an insurance policy, a contract, and given the facts that have been alleged, I think what the Appellate Court was saying was that there are not a whole lot of issues that could arise. But I think that we have to go back to where the procedural path left us.
>
> My interpretation is that we are with a motion to dismiss that has been granted by the trial Court, but reversed by the Appellate Court. And that the opinion clearly stated that the complaint does state a cause of action.
>
> &ast; &ast; &ast;
>
> THE COURT: Well, I think we have to address the issue here of reliance, whether the complaint is limited only to those who relied or whether it goes further.
>
> &ast; &ast; &ast;
>
> THE COURT: I think there has to be a clear finding either as a matter of fact or as a matter of law about the reliance issue."

The next time that plaintiffs raised the issue of class certification was after judgment in the case. The trial court declined to certify the class post-judgment. As held in *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 317-18, 427 N.E.2d 122, a trial court may rule upon a defendant's motion to dismiss before the question of class certification has been decided, even though certification should be determined "as soon as practicable." However the court further stated:

> "[S]ome decision on class certification must be made prior to proceeding on the merits. The statute provides that this finding be made 'as soon as practicable after the commencement of an action.' Logically, that means prior to ruling on a motion which is dispositive of the merits of the action." (*Schlessinger*, 86 Ill. 2d at 317, 427 N.E.2d at 1243.)

Although the trial court previously had denied plaintiffs' motion to certify the class, that motion was denied without prejudice. Nothing prevented the plaintiffs from renewing that motion prior to a determination on the merits. We find that the trial court acted properly in declining to certify the class post-judgment.

We cannot say on this record that the trial judge either clearly abused his discretion or misapplied the law in denying certification of the purported class. Accordingly, for all the reasons set forth above, we affirm the decision of the trial court. Since we affirm the trial judge, we need not address the issues raised by Safeway's cross-appeal.

Judgment affirmed.

LORENZ, P.J., and GORDON, J., concur.